## SPEARS VS. CROSS.

1. The magistrate issuing the warrant in a criminal prosecution, on an oath not reduced to writing, is a competent witness, in an action of malicious prosecution against the prosecutor, to prove that such an oath was administered, and what it contained.

2. It is not essential to the validity of a criminal prosecution, that the oath of the prosecutor should be reduced to writing, although the practice of committing the same to writing is the most approved. ·

3. If when a case is closed, there is not sufficient relevant evidence adduced to support the action, the whole may be rejected :—but before the close of the evidence, it is not the province of the court to reject any evidence offered, if the same be legal.

Error to the Circuit court of Lauderdale.

Malicious prosecution—tried before *Lane*, J. Plea, not guilty.

The bill of exceptions disclosed the following facts. That some time within the year, the defendant applied to a justice of the peace, and procured to be issued a warrant against the plaintiff, charging him with a felony ; upon which warrant the plaintiff was arrested, and tried before a justice of the peace for commitment, when the plaintiff was acquitted, and finally discharged from the prosecution.

On the trial, the plaintiff proposed to prove, by the justice of the peace, who issued the warrant, that it had been duly issued by him. The court ruled, that such proof could not be made by plaintiff, until he had first pro-

duced and proved a written *affidavit*, made by the defendant, before the justice of the peace, upon which the warrant issued. The plaintiff then offered to prove by the justice, that the affidavit or oath, made before him, was never reduced to writing ;—which proof the court would not permit him to make ; but ruled, that a written affidavit alone would afford *the plaintiff* a cause of action.

The plaintiff in error, assigned—

1. That the court erred in not permitting the plaintiff below, to read as evidence to the jury, the warrant, as shewn in the bill of exceptions.

2. The court erred in not permitting the plaintiff to prove the genuineness of the warrant, as presented in the bill of exceptions.

3. The court erred in not permitting the plaintiff to prove, by the justice of the peace, who issued the warrant, that the oath of the defendant, upon which the warrant issued, was not committed to writing.

4. The court erred in ruling, that it was necessary, to entitle the plaintiff to a recovery, that he should produce an affidavit in writing, made by the defendant, upon which the warrant issued, as set forth in the bill of exceptions.

*Martin*, for the plaintiff in error.
*Parsons*, contra.

*Martin*, for the plaintiff in error—cited, Randall vs. Henry—(5 Stew. & Porter, 367—Aik. Dig. 116—4 Bibb, 208—2 Starkie, 911—1 Stewart, 496—2 Starkie, 909.)

Spears *vs.* Cross.

GOLDTHWAITE, J.—Although it is certainly the most approved practice, for a justice of the peace or other magistrate, to reduce to writing, the oath of the party making a charge and requiring a warrant, yet it is not essential to the validity of a criminal proceeding, that the oath should be thus reduced to writing. The statute (Aik. Dig. 116, s. 13,) does not require it; and it would be a dangerous innovation to allow a defendant to shield himself from liability, for making a false or malicious charge, by any mistake or want of technical accuracy on the part of the officer appointed by the law to institute legal proceedings. The charge is recited in the warrant, and the offer was made to prove, that this identical charge was the one made on oath by the defendant. We can perceive no reason for the rejection of the evidence, unless the whole proceedings were vitiated, by the want of a written affidavit. As this is not necessary under the statute, the opinion of the court below was erroneous.

It has been argued in behalf of the defendant in error, that the warrant was rejected, because the facts necessary to make out a complete case, were not then shewn to the court and jury; and that it is essential to the correct administration of justice, that parties to suits shall be compelled to proceed in a regular manner, from the commencement, to the conclusion of the facts, necessary to make out the case or defence.

It is not perceived, that in those cases, which depend on more than one fact, that it can ever be a matter of much importance, at which end of the testimony the proof is commenced. In no case of this kind would the

right of action be complete, without shewing the facts in connection with each other ; and if the evidence offered, is legal in its character, it should not be rejected, because other evidence, making out the whole case, is not yet before the court and jury. If when the case is closed, enough is not shewn to support the action, the whole body of evidence may then be irrelevant, for want of some essential part; but until that time, it is not the province of the court to reject it, if legal.

In no view which we have been able to take of the case, can the rejection of the evidence be supported.

Let the judgment be reversed, and the case remanded·