## INNERARRITY *VS.* BYRNE.

1. Evidence which has *prima facie* no pertinence to the issue, is rightfully rejected.

2. Where a party claims the benefit of an exception to this rule, he must bring himself within it by pleading or proof.

3. Grants made by the Spanish authorities in this country, after the date of the treaty of St. Ildefonso, (1 October, 1800,) except those to actual settlers acquired before December twentieth, eighteen hundred and three,—are null and void.

Error to the Circuit court of Baldwin county.

Trespass, to try title, before *Paul*, J.

In this case, plaintiff, to support his action, offered in evidence, a grant (from the Spanish government to one Forbes, under whom plaintiff claimed,) dated February sixth, eighteen hundred and six. The evidence was rejected, on the ground that the grant was made by a government which had no power or authority to make such a grant. Defendant had a verdict, and the exclusion of the grant as evidence was assigned as erroneous.

*Thornton,* for plaintiff in error.

*Campbell & Porter,* contra.

ORMOND, J.—This was an action of trespass, to try title.

The plaintiff below, who is the plaintiff in this court, relied on a grant from the Spanish government, to John Forbes & Co., for the premises mentioned in the declara-

Innerarrity *vs.* Byrne.

tion, and proposed, by testimony, to deraign title from Forbes & Co., to himself. The court rejected the grant, on the ground that the Spanish government had no authority to make such grant. The case is brought here for revision.

The grant bears date the seventh of March, one thousand eight hundred and seven. It has been solemnly determined by the Supreme court of the United States, in the case of Foster & Elam vs. Neillson, (2 Peters' Rep. 309,) and again in the case of Manuel Garcia vs. Samuel Lee, that all grants made by the Spanish authorities, after the date of the treaty of St. Ildefonso, (1st Otcober, 1800,) excepting only those to actual settlers, acquired before December twentieth, eighteen hundred and three, were null and void. The grant of the land in question, being at a time, when, according to the decision of the two cases referred to, the Spanish authorities had no power to make a grant—must be held null and void.

The counsel for the plaintiff in error does not attempt to maintain the proposition, that the grant of the land in question is valid *per se,* but insists that the decision of the court prevented him from introducing other testimony, by which his grant, or a portion thereof, might have been rendered valid.

It is true, that the court will not interfere with a party, by dictating to him in what order he shall produce his testimony;—yet, it is certainly as clear, if testimony is offered, which in itself is inoperative and void, and is not proposed to be connected with any thing else which may give it validity, the court, if desired, cannot refuse to reject it.

8 P.                    23

In this case, the grant, of itself, was absolutely void ; it might have constituted a link in the plaintiff's chain of title, if he had been able to show an act of Congress, securing to him the land in question, or a portion of it, as has been done in some cases of Spanish grants, which were not embraced by the act of Congress of eighteen hundred and four. But surely the court could not presume that such was the fact, and refuse to exclude a void grant, because, by some act entirely extrinsic to it, the party might be able to show a good title.

We have been referred to the case of Spears vs. Cross, (7 Porter, 437,) decided at this term, as governing this case. There, the judgment was reversed, because the court refused to permit a warrant issued by a justice of the peace, on the part of the State, to be read in evidence, in an action brought for a malicious prosecution, because no affidavit in writing was produced, although an offer was made to prove that the oath was in fact taken, though not committed to writing. The correctness of the decision of the court below, turned on the fact, whether an affidavit in writing was necessary in such cases or not. To make this case parallel with that, it should appear, that testimony which ought to have been received, was rejected.

The case of Reed vs. the Brashers, (3 Porter's R. 375,) has also been referred to ; but in that case, the evidence rejected was pertinent to the issue, though not sufficient of itself to maintain the action, and therefore improperly rejected. In this case, the evidence offered being a void grant, was not good of itself, for any purpose, and therefore properly rejected.

Inncrarrity *vs.* Byrne.

We cannot interpret the silence of the bill of exceptions, to mean any thing else, than that the cause was rested on the validity of the Spanish grant, found in the record.

The judgment of the court below must be affirmed.

COLLIER, C. J.—The great earnestness with which the plaintiff's counsel has pressed this case upon the court, induces me to add a remark or two, to what has been said by his honor, Judge Ormond. Neither Spears vs. Cross, or Reed vs. the Brashers, bear any analogy to the present case. In those cases, the evidence rejected was clearly legal, and tended to establish the issue, though in *itself* insufficient, and consequently, according to all rule, was admissible, as forming a necessary link in the proof, by which a right was to be established. Here, the paper rejected was not only illegal, but absolutely *void,* and in itself, proved nothing. If the plaintiff would have relieved it from this objection, he should have shown, or have offered to show, that vitality had been imparted to it in the manner prescribed by the acts of Congress relating to titles to land lying south of latitude thirty-one, in this State. Until this was done, the paper was clearly inadmissible. In Clendenning & Bulkley vs. Ross, (3 Stewart & Porter, 267,) this court decided, that that evidence was rightfully rejected, which *prima facie* had no pertinence to the issue, and that to have authorised its admission, the party offering it, should have shown that it was pertinent. So, in the adm'r of Gee vs. Williamson, (1 Porter's R. 320,) in the court below, a record was given in evidence, which was insisted

on error, to have been improperly received. This court determined, that the record was wholly inadmissible as evidence, unless it had been preceded or accompanied by explanatory evidence, showing its relevancy. And in Wiswall vs. Ross & Earle, (4 Porter's R. 330,) this court say: "If the competency of any matter as testimony depends upon some fact, of which there is no proof, there is no error in rejecting such matter, when presented alone, and without an offer to prove what might make it competent evidence." These cases fully maintain the principle on which we place our judgment in this case; though perhaps the reasons in the present case are stronger in favor of a rejection of the evidence, than in those cited— (See also Jenkins vs. Noel, 3 Stew. R. 60; the Union Bank of Maryland vs. Ridgely, 1 Har. & Gill's R. 324.)

Again, it is a well settled rule, that where a party claims the benefit of an exception, he must bring himself within it by pleading or proof. The acts of Congress which give validity to some grants for land south of thirty-one, which would otherwise be void by *Treaty of St. Ildefonso*, are exceptions to the general operations of that *Treaty*, and before such grants can be received as evidence of title, proof of confirmation must be adduced. The consequence is, that the judgment must be affirmed.

GOLDTHWAITE, J., did not sit—having been of counsel.