## CRENSHAW v. DAVENPORT AND WIFE.

1. When evidence is offered, which is seemingly irrelevant to the matter in issue, it is the duty of the party offering it, to show how it can be made relevant by connecting it with other facts and circumstances already in evidence, or intended to be offered, and if there is no such offer to show its relevancy, the court may lawfully reject it.

WRIT of error to the Circuit of Lowndes county.

Assumpsit on the common counts.

At the trial, on the general issue, and also on one formed on the replication of a promise within six years, it was proved that James Crenshaw, William Crenshaw, and Louisa Davenport, the *feme* plaintiff, formerly Louisa Crenshaw, together with some

three others, were legatees of an estate in lands in Lowndes county; that James Crenshaw was the administrator of that estate; that the lands were sold by comm'ssioners appointed by the orphans' court of Lowndes county; that the sale was made on the 1st of February, 1836, on a credit of twelve months, and the proceeds, being notes on various individuals to the amount of 15,-000 dollars, were delivered over to James Crenshaw, the adminisrrator, and by him were divided among the heirs within a few days after the sale.

The plaintiffs, Davenport and Wife, requested the administrator to deliver their portion to William Crenshaw, the defendant; and their portion of the proceeds arising from the sale, was accordingly delivered by the administrator.

The defendant then offered to read to the jury a deed purporting to have been executed by both the plaintiffs. bearing date the 30th April, 1836, expressing the receipt of a consideration of 2,000 dollars, and releasing all the right, title and interest of the said Louisa in and to the lands whereof Stephen Crenshaw died seized, lying in Lowndes county, to James and William Crenshaw. This deed was proved by one of its subscribing witnesses, who stated that it was signed, sealed, delivered and acknowledged, in his presence, by the grantors, as well, also, as in the presence of another subscribing witness; but he saw no consideration pass between the parties.

The plaintiffs opposed the introduction of this deed as evidence, and on their motion, it was rejected. The defendant excepted; and the refusal to admit this deed, is here assigned as error.

Geo. W. Gayle and Edwards, for the plaintiff in error.
Evans and Cook, *contra.*

GOLDTHWAITE, J.—The exclusion or admission of evidence, which is supposed by one party to be relevant, and by the other is considered as irrelevant, is frequently a matter of some difficulty. The general rules on this subject are, however, believed to be sufficiently clear and precise to prevent any injustice from being done. When the relevancy is not apparent from the evidence offered, but other facts will make it so, the duty of the party offering it is to state its connexion with the other facts, in order that its relevancy may be disclosed to the court. [2 Star-

kie's Ev. 381.] It is evident to every one conversant with the practice on the circuits, that a claim or defence frequently depends on a variety of facts and circumstances, either one of which, by itself, would seem to be irrelevant, and yet when the whole are made out, a complete case is presented; but it by no means follows, that a court will, in every case, wade through apparently irrelevant testimony, unless the intention to connect it with other facts, from which its relevancy will appear, is distinctly shown. When, therefore, evidence is offered, apparently not connected with the issue, and is opposed, it becomes the duty of the party offering it, to show its connexion with other facts, either in evidence, or intended to be given to the jury. It is impossible to prescribe the course which counsel shall pursue in putting a case to the jury, but they must always be prepared to explain the object for which the evidence is offered; and if this is not done, the court may lawfully reject that which is apparently irrelevant. This is the clear rule to be deduced from the cases. [Winlock v. Hardy, 5 Litt. 272; Harris v. Paynes, 5 Litt. 105; Wilson's adm'rs v. Bower, 5 Mon. 33; Clark v. Beach, 6 Conn. 142; Rowl, adm'r, v. Kyle, 1 Leigh. 216; Bonham v. Cary, 11 Wend. 83: Weedler v. Farmers' Bank, 11 S. & R. 134; Turner v. Fendall, 1 Cranch, 182; Innerarity v. Byrne, 8 Porter, 176; Jackson v. Webb, 11 Wend. 422; Gratz v. Gratz, 4 Rawle, 411; Cowen & Hill's notes, 434, 792; Mardis' adm'rs v. Shackleford, 4 Ala. Rep. N. S. 443.]

Let us now apply these principles to the facts disclosed by the bill of exceptions in this case. The administrator of the estate in which the plaintiff's wife was entitled to a portion, had delivered the wife's portion of the notes received to the defendant. This delivery, unexplained, would impose a liability on him to account for the proceeds when received in money, but doubtless he could show that the delivery was the consummation of a sale. The deed was probably offered with this view; but as it bears date at a time subsequent to the delivery of the notes, and purports to be a release of the title to real estate, it was, when offered, apparently irrelevant to the point in issue. This being the fact, it was incumbent upon the defendant to show how it could become relevant by a connexion with other facts or circum stances intended to be given in evidence. This was not done, and, therefore, the court properly rejected it.

Judgment affirmed.