## FIELD'S ADM'R v. BEVIL.

1. Accounts of creditors of the defendant found amongst the papers of the plaintiff's intestate, receipted by the creditors, are, without aid from other proof, no evidence of the payment of money by the intestate, for the benefit of the defendant, so as to make these accounts sets off.

2. Nor does it change the effect of the evidence if the receipt expresses to be of the note of the defendant's intestate. Such receipt, by itself, is no evidence of an assumpsit for the plaintiff.

Writ of Error to the County Court of Marengo.

ASSUMPSIT on the common counts, by Bevil against Field, as the administrator of Joseph Bevil. The defendant, with other pleas pleaded *set off*.

At the trial, in support of this plea, and to prove the payment of divers sums of money by his intestate, at the request of the plaintiff, the defendant offered in evidence divers ac-

counts contracted by the plaintiff with various persons. These accounts were receipted by the respective creditors, without specifying by whom the payments were made thereon. The receipts bore date in the intestate's lifetime, and were found amongst his papers at his death. The plaintiff objected to this evidence on the ground there was no proof the accounts had been paid by the intestate, and the court sustaining the objection, refused the evidence.

The defendant introduced an account contracted by the plaintiff with Burke & Radcliff, insisting the same had been paid by the intestate in his lifetime for the plaintiff. At the bottom of this account was a receipt, signed by Burke & Radcliff, as follows: "Received payment by note of J. Bevil, March 29, 1840." Signed, B. & R. This was found amongst the papers of the intestate at his death.

On this state of proof the court charged the jury, this receipt was no evidence of payment without the production of the note.

The defendant excepted to this charge, as he did also to the refusal of the evidence offered, and both matters are assigned as error.

W. M. BROOKS, for the plaintiff in error, made the following points:

1. The evidence rejected was admissible, and tended to prove the issue, and ought not to have been rejected for the reason that the same was inconclusive. [McKenzie v. McMcRae, 8 Porter, 70.] Inconclusive testimony should not be rejected until the whole evidence is closed. [Spears v. Cross, 7 Por. 437; Harrel v. Floyd and wife, 3 Ala. R. 16.] When evidence offered is admissible in itself, but insufficient to warrant the jury in finding a verdict, the court cannot assume that no further proof will be offered, and therefore reject the evidence. [Smith v. Armistead, 7 Ala. Rep. 698.]

2. The giving of the note, as shown by the receipt stated in the bill of exceptions, was a payment of the account. [Cumming v. Harkly, 8 Johns. 159; Johnson v. Weed, 9

Ib. 320; Armstrong v. Garrow, 6 Cowen, 470; Douglass & Proctor v. Gooch, 2 Esp. Rep. 591; 6 Cranch, 253; Pinkston v. Taliaferro, 9 Ala. 350; Robertson v. Maxey, 6 Dana, 101; Harrison v. Harrison, 8 Ala. 73.] The case quoted from 9 Ala. 350, is an authority to show that one surety can settle a debt by giving his own note, and then sue his co-surety for contribution.

3. Where evidence is circumstantial and inconclusive, the jury, and not the court, are the sole judges of its effect. [McKenzie v. McRae, 8 Por. 70.] And the receiving a note under the circumstances, is *prima facie* evidence of the payment of the amount. [Hutchins v. Olcutt, 4 Verm. 555.]

4. When the court rejects evidence, or charges the jury that it is insufficient to prove the issue, the party offering it is entitled to all the benefits arising upon a demurrer to evidence.

HENLEY, for the defendant in error, insisted—

1. That to authorize the defence of set off, as set up in the court below, the proof must show such a state of facts as would authorize a recovery in an action for money paid.

2. That to entitle the party to such action, it would be necessary for him to prove—1. The payment of the money. 2. That it was done at the express or implied request of the defendant. The proof offered in this case does not tend to prove either the one or the other. The mere possession of the accounts, unexplained, amounts to nothing—especially when it was in the power of the party to show, by the several creditors, by whom the money was paid.

It was the duty of the party to show the relevancy of the proof offered, by showing its connection with other testimony in his power. [8 Port. 176; 6 Ala. R. 390; 7 Ib. 457; 2 Stark. on Ev. 381; 5 Litt. 272; Cowen & Hill's Notes, 434, 792; 4 Ala. Rep. 443; 5 Monr. 33; 11 Wendell, 422.]

3. The receipt of Burke & Ratcliff is no evidence of payment of money. It purports to be a payment by the note of J. Bevil, defendant's intestate, and there was no evidence that the note had been paid—until the note was paid, it would not be good as a set off against the plaintiff's debt. The giv-

ing of a note has been often held not to be sufficient to authorize a recovery in an action for money paid. [Witherley v. Mann, 11 J. R. 520 ; Cummings v. Hackley, 8 J. R. 202 ; 4 Ph. on Ev. 119, 120 ; Ib. 221, 223, in notes 348, 349 ; 2 Saund. on Pl. & Ev. 192 ; 2 St. on Ev. 57.]

GOLDTHWAITE, J.—1. It is possible the excluded evidence might be proper if aided by other proof showing the payment of these accounts by the intestate, but without aid from other sources, the mere fact that they were found in his possession, certainly did not sustain the issue. *Prima facie*, this proof was irrelevant, and as such, if insisted upon as proper to go before the jury, the defendant should have intimated his intention to sustain it by other evidence. When evidence is offered seemingly irrelevant to the matter in issue, it is the duty of the party offering it, to show how it can be made relevant by connection with other facts or circumstances to be offered, or already in evidence. [Crenshaw v. Davenport, 6 Ala. Rep. 390, and cases there cited.]

2. The other point is equally clear against the defendant. The receipt of a third party, indicating that he had received the note of the defendant's intestate in payment of an account contracted by the plaintiff, was certainly no evidence to charge the latter, either with or without the note. It may be, for any thing which appears, that the note thus spoken of, was given by the intestate upon some other consideration than money from the plaintiff; at any rate, it is no evidence of an assumpsit, even on account of, or at the request of the plaintiff.

Judgment affirmed.