(92 South. 33)

**MAYHALL v. STATE.   (8 Div. 798.)**

(Court of Appeals of Alabama. June 30, 1921. Rehearing Denied Oct. 4, 1921.)

1. **Criminal law ⬅➡1091(5)—Bill of exceptions complaining of exclusion of evidence held defective.**

Bill of exceptions complaining of action of court in sustaining objections to questions, without stating what witness would have testified to or informing court of the relevancy thereof, *held* defective.

2. **Homicide ⬅➡203(1) — Dying declarations admissible only when made in belief that death was impending.**

Unsworn statements can be admitted in evidence as dying declarations only when the person making them fully believed that he was about to die.

3. **Homicide ⬅➡203(3)—Evidence held to establish foundation for introduction of declarations of deceased as dying declarations.**

In prosecution for murder, evidence *held* to establish foundation for the introduction of testimony as to declarations of deceased as dying declarations.

4. **Homicide ⬅➡308(2) — Instruction defining murder in the second degree, without requiring the killing to have been unlawful, held erroneous.**

In homicide prosecution, instruction defining murder in the second degree *held* erroneous, in that it did not require the killing to have been unlawful.

5. **Homicide ⬅➡300(3) — Instruction defining dangerous man within law of self-defense held proper.**

In prosecution for murder, instruction defining a dangerous man within the law of self-defense *held* correct.

6. **Criminal law ⬅➡844(1)—Exception must be confined to that part of the charge which is erroneous.**

In taking exception to parts of the oral charge of a court, the exception must be confined to that part of the charge which is erroneous.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Frank Mayhall was convicted of murder in the second degree, and he appeals. Reversed and remanded.

The following is the court's oral charge excepted to:

"Murder in the second degree is defined by law to be every homicide perpetrated with malice aforethought, but it need not be perpetrated with deliberation and premeditation."

And to the following definition in the court's oral charge:

"But if you are satisfied from the evidence beyond a reasonable doubt that the killing was attended with malice as I have defined what it took to constitute malice, either expressed or implied, then from that evidence it will be your duty to find the defendant guilty of murder in the second degree."

Defendant excepted to the court's charge on the venue which is in words as follows:

"If you decide that the offense was committed in Alabama, then he cannot be tried in the state of Tennessee for that offense. If you decide that the offense was committed in Tennessee, then he can be tried in Tennessee if the authorities over there want to prosecute him or want him tried for said offense. It is not contended that the state of Tennessee has taken jurisdiction of the offense and intends to prosecute or try him for this offense, notwithstanding the fact that it occurred over a year ago. Now, if you determine that the offense was committed in Alabama, then you will go on and consider the other questions in the case. The state contends that it happened at the upper fence, over a quarter of a mile in Alabama, at the landing at the upper fence. The defendant contends that it happened at the landing at the lower fence. There doesn't seem to be much controversy about the fact that the landing at the lower fence is a high bank, and almost perpendicular, with steps cut in the bank to go up and down. There is no controversy but that the bank at the landing at the upper fence, where the state contends it occurred, is a gradual slope. You can take all these facts from the evidence into consideration in determining whether the cutting occurred at the upper fence or the lower fence. If it occurred at the upper fence, then there is no controversy but that it occurred in Alabama. There does not seem to be any controversy but that, if the cutting occurred on the north side of the lower fence, it occurred in Tennessee."

Defendant also excepted to the court's definition of dangerous, violent, and bloodthirsty, which are in words as follows:

"The defendant also contends that prior to the fatal difficulty the deceased bore the character of being a dangerous, turbulent, violent, and bloodthirsty man. Now these terms do not apply to a mere quarrelsome, fighting man. They do not apply to a man who will fight fair and give and take in a fight; but they apply to a man who wants to take advantage in a fight, wants to cut or shoot, and this, like the evidence of threats, is defensive matter and offers no excuse for offensive action. In other words, it does not make any difference how bad his character may have been along these lines, nor however many threats he may have made; he forfeited no right to live, and the defendant had no right to kill him because he bore that reputation or because he had made threats, unless he made some hostile demonstration or committed some overt act attempting to carry out the threats in the fatal

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

difficulty. A man attacked by a man of this character, who has threatened him, has a right under the law to act quicker than he would if he was attacked by a man of different character, because he bears that character and because he may have threatened him."

Simpson & Simpson, of Florence, for appellant.

The dying declarations were not admissible. 152 Ala. 41, 44 South. 619; 148 Ala. 156, 41 South. 856; 171 Ala. 10, 54 South. 696. Counsel discuss other assignments of error relative to evidence, but in view of the opinion it is not deemed necessary to here set them out. The court's charge as to venue was an invasion of the province of the jury. 54 Ala. 263; 140 Ala. 137, 37 South. 223; 110 Ala. 272, 20 South. 132; 116 Ala. 471, 22 South. 662; 159 Ala. 14, 48 South. 858; 8 Ala. App. 210, 62 South. 328; 4 Ala. App. 148, 58 South. 936. The court erred in its definition of murder in the second degree. 21 Cyc. 703; 50 Ala. 149, 20 Am. Rep. 292; 47 Ala. 696; 43 Ala. 21; 39 Ala. 617.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court properly defined murder in the second degree. 116 Ala. 454, 23 South. 162; 128 Ala. 17, 29 South. 569; 119 Ala. 1, 25 South. 255. Counsel discuss the other assignments of error, but without citation of authority.

SAMFORD, J. [1] There are a large number of objections and exceptions, appearing in the record, to rulings of the trial court on the evidence. In this comparatively short bill of exceptions there are 17 exceptions to such rulings. Many of these exceptions are entirely without merit, and in the others the sustaining of the state's objections were not followed up by a statement of defendant's counsel as to what he expected to prove, so as to inform the court of its relevancy. This practice entails large and unnecessary labor on appellate courts, and may at times cause an oversight of the real questions of merit, which at all times require the careful consideration of the court.

[2, 3] As a predicate for the dying declaration of deceased, the witness Whitsett said:

"He (deceased) said, 'Doctor, am I cut bad?' and the doctor said, 'Pretty serious,' and he said, 'Doctor, I will never get well,' and the doctor said, 'Oh, yes, Buster, you will get well.'"

He never said death was impending; he just said he would never get well. Unsworn statements can be admitted in evidence as dying declarations only when the person making them is in the full belief that he is about to die. 8 Mitchie's Dig. p. 303, § 182. The declarations of deceased, admitted as dying declarations, as testified to by the witness Whitsett, are sufficiently shown to have been made under a sense of impending death. 8 Mitchie's Digest, p. 304, § 182.

[4] The court in its oral charge in defining murder in the second degree said:

"Murder in the second degree is defined by the law to be every homicide perpetrated with malice aforethought, but it may not be perpetrated with deliberation and premeditation."

This may have been an inadvertence as the law is that the killing must also be unlawful, and any charge omitting that ingredient is erroneous. McQueen's Case, 103 Ala. 12, 15 South. 824; Langston v. State, 16 Ala. App. 123, 75 South. 715.

[5] The definition of what it takes to constitute a dangerous man was correctly stated by the court.

[6] The exception to that part of the oral charge of the court relating to venue, and to which exception was reserved, might have some merit in it, but for the fact there is embraced in the excerpt parts of the charge which state correct propositions. In taking exception to parts of the oral charge of the court, appellant must confine his exception to the part of the charge which is error; otherwise it would place appellate courts in the position of "picking out" expressions of the court not really excepted to.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.