(104 So. 778)

### SANFORD v. STATE.   (7 Div. 187.)

(Court of Appeals of Alabama.   June 9, 1925.)

1. Criminal law ⊂⊃1172(8)—Error in submitting issue of defendant's manufacture of whisky held harmless.

Where jury, under count of indictment charging unlawful manufacture of whisky, found defendant guilty of "attempting to distill," held, there being no conviction for manufacturing whisky, error in submitting such issue was harmless.

2. Intoxicating liquors ⊂⊃240—Conviction for "attempt to distill" does not constitute conviction for attempt to distill whisky.

Conviction for "attempt to distill" does not constitute conviction for attempt to distill whisky nor of any offense known to law.

Appeal from Circuit Court, Cleburne County; R. B. Carr, Judge.

Rubin Sanford was convicted of an attempt to distill, and he appeals. Reversed and remanded.

J. C. Nichols, of Heflin, for appellant.

Defendant was due the affirmative charge. Segars v. State, 86 Ala. 59, 5 So. 558; Wilson v. State, ante, p. 62, 100 So. 914;; Watkins v. State, ante, p. 246, 101 So. 334; Pate v. State, 19 Ala. App. 642, 99 So. 833; Scott v. State, ante, p. 360, 102 So. 152.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J.   The indictment was in two counts. The first charged an unlawful manufacture of whisky, and the second the unlawful possession of a still, etc.   The second count was eliminated by the giving of the affirmative charge at the request of defend-

ant. and as to the first, the court charged the jury that a conviction might be had of an attempt to manufacture alcoholic liquors, etc. The verdict of the jury was: "We, the jury, find the defendant guilty of attempting to distill, and assess a fine of $50." Following the verdict the court, without formal adjudication of guilt, sentenced the defendant to hard labor for fine and costs, and three months' additional hard labor.

Under section 4657 of the Code of 1923, the unexplained possession of any part or parts of any still, apparatus, or appliance, or any device or substitute therefor, commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors, is prima facie evidence of a violation of the statute prohibiting the possession, etc., of a still. The evidence in this case was sufficient to have submitted the question of possession to the jury, but the action of the trial court precludes a further consideration of that question, and leaves us to deal with the charge under count 1.

[1] Under count 1 there was no evidence of a manufacture of whisky, and hence the charge to this effect requested by defendant should have been given, but the verdict of the jury acquitting the defendant of manufacturing whisky rendered this error harmless.

[2] There is no evidence in this record that the defendant attempted to distill whisky, and hence the defendant was entitled to the general charge. Indeed, the verdict of the jury did not so find; the verdict being that defendant "attempted to distill." The verdict finds the defendant guilty of no offense known to the law.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.