(104 So. 866)

## COLE v. STATE. (7 Div. 186.)

(Court of Appeals of Alabama. June 30, 1925.) .

**1. Criminal law ⬅⟶753(2)—Charging out of count in indictment operates as acquittal.**

Charging out by court, at request of accused, of one count of indictment containing two counts operates as acquittal of charge contained in that count.

**2. Criminal law ⬅⟶753(2)—Affirmative charge necessary as to count not sustained by evidence.**

It is reversible error to refuse the affirmative charge as to a count on which no evidence supporting verdict has been adduced.

Appeal from Circuit Court, Cleburne County; R. B. Carr, Judge.

Jess Cole was convicted of attempting to make, manufacture, or distill prohibited liquors, and he appeals. Reversed and remanded.

J. C. Nichols, of Heflin, for appellant.
Harwell G. Davis, Atty. Gen., for the State.

BRICKEN, P. J. [1] The indictment against this appellant contained two counts. The count for unlawful possession of a still was charged out by the court at request of defendant. This, of course, operated as an acquittal of the charge contained in the second count.

[2] Under the first count the jury returned a verdict of guilty of an attempt to make, manufacture, or distill prohibited liquors. The defendant requested in writing the affirmative charge as to this count, and, as there was no evidence adduced upon this trial upon which the verdict rendered could be predicated, the court committed reversible error in refusing said charge. This is a companion case to that of Rubin Sanford v. State (7 Div. 187) 104 So. 778.[1] Under authority of that case also the judgment appealed from is reversed and the cause remanded.

Reversed and remanded.

