(114 So. 361)

MAYHALL v. STATE. (8 Div. 494.)

Court of Appeals of Alabama. Nov. 1, 1927.

. Simpson & Simpson, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. This is the second appeal in this case. The decision upon former appeal is reported in 18 Ala. App. 290, 92 So. 33.

The indictment charged this appellant with the offense of murder in the first degree, and alleged that he unlawfully and with malice aforethought killed Buster Milligan by cutting him with a knife, etc. Upon the first trial he was convicted of murder in the second degree, but upon appeal to this court the judgment of conviction was reversed and the cause remanded. Mayhall v. State, supra. Upon the trial, from the judgment of which this appeal was taken, he was again convicted of murder in the second degree and his punishment was fixed by the jury at imprisonment in the penitentiary for 10 years.

Before pleading to the merits of the indictment upon this trial, the judgment here recites that the defendant interposed a plea of autre fois acquit as to the offense of murder in the first degree. This plea was confessed by the state, and the accused was placed upon trial for murder in the second degree. In this connection it is strenuously insisted that the solicitor, in his opening or preliminary statement to the jury, improperly emphasized and laid stress upon the fact that this defendant was, upon the former trial of this case, convicted of murder in the second degree. We cannot sustain this insistence and put the court to error on the rulings complained of, for the reason we regard the utterances of the court on this question amply sufficient to safeguard the defendant's interests. The court said:

"But, gentlemen of the jury, you are not to consider the former conviction and sentence or the reversal of that case, and you will not let it influence you in the least in the consid-

eration of this case, except so far as to explain to you that he is not being tried for murder in the first degree. This trial is new; and it starts in as a trial for murder in the second degree; you are to consider only the evidence and the law as is given you by the court, in determining whether or not this defendant is guilty or not guilty, and if you find him guilty it will be your duty to fix his punishment and convict him if you find him guilty, or acquit him if you find that he is not guilty.

"Gentlemen, I want to impress upon you not to allow the former conviction or former acquittal or former sentence or the imprisonment in the jail to effect or have any weight with you whatever as evidence for or against this defendant in this case, except as I have stated that he is not being tried for murder in the first degree."

■ Upon the former trial of this case, several nonresident witnesses were examined on behalf of the state, and these witnesses were not present in court upon this trial. The state laid a predicate as to its witnesses Dr. McRhea, L. E. Bond, and J. H. Boling showing, without dispute, that each of these witnesses were residing permanently in another state. This predicate was sufficient to authorize the admission of their evidence on a former trial. Lowery v. State, 98 Ala. 45, 13 So. 498; Lowe v. State, 86 Ala. 47, 5 So. 435; Francis v. State, 188 Ala. 39, 65 So. 969.

■■ We are of the opinion that the court ruled correctly relative to the manner of proving the substance of what the enumerated absent witnesses testified to on the former trial of this case, and that the exceptions of defendant reserved to these rulings are without merit. The bill of exceptions on the former appeal, used for this purpose, was the act of defendant, and said bill of exceptions was prepared by him and presented to the trial judge as being a legal (true) bill of exceptions. He cannot now be heard to say that the testimony contained therein is not correct, for his preparation and presentation thereof operated, in effect, as an admission upon the part of the defendant of the correctness of the evidence incorporated therein. But if this were not true, a proper predicate for its introduction was shown by the evidence of state witness Jas. C. Roberts, assistant solicitor, on this trial. He testified, in substance, that he had checked the testimony contained in the former bill of exceptions, and that he had a personal recollection as to the substance of it, and that the testimony offered upon this trial is, in substance, what said witnesses testified to on the former trial. This also met the required rule. Woodward v. State, 21 Ala. App. 417, 109 So. 119. See, also, Davis v. State, 17 Ala. 354; Dean v. State, 89 Ala. 46, 8 So. 38. It affirmatively appeared that the notes taken by the court reporter on the former trial were lost and were, therefore, not available upon the trial of this case. Other evidence was also adduced on this trial tending to show the correctness of the testimony of said absent witnesses as shown by the bill of exceptions.

The question of venue, always essential, was controverted in this case, and it is apparent from the record that this was the most hotly contested point upon the trial in the court below, and is here insistently presented for decision. The state contended that the killing of Milligan by the defendant occurred in Lauderdale county, Ala., and offered evidence which tended to support that contention. The defendant insisted that the occurrence complained of took place in the state of Tennessee and offered evidence to that effect. The question was vital, for, if the killing occurred in the state of Tennessee, the circuit court of Lauderdale county, Ala., was wholly without authority or jurisdiction to try this case.

■ The conflict in the evidence on the question of venue made a jury question, the burden resting upon the state to establish this fact by the usual measure of proof in criminal cases. A conviction in a criminal case can never be had except upon proof of the venue, and this need not be proved by direct evidence, but evidence from which it may be inferred is sufficient; but the venue of a crime should never be left in doubt, nor supplied by inference, when it may be readily proved. Walker v. State, 153 Ala. 31, 45 So. 640.

■ However, evidence, purely hearsay, on the question of venue, is not permissible, and where the question of the locus is in dispute, hearsay evidence may not be used to establish the fact that a crime has been committed within a certain jurisdiction, and if such evidence is allowed, over proper objection and exception, a reversal of the cause must necessarily follow. Patterson v. State, 156 Ala. 62, 47 So. 52; McBryde v. State, 156 Ala. 44, 47 So. 302; Dossett v. State, 19 Ala. App. 496, 98 So. 359; Pate v. State, 20 Ala. App. 358, 102 So. 156. In Dossett's Case, supra, this court said:

"Where the correct location of a line is material in the trial of a case, a witness may testify to the line if he knows it, but if his subsequent testimony shows that his personal knowledge is based on hearsay or on the assumption of a fact he does not personally know to be true, his testimony on the point should be excluded on motion."

■ In the instant case, over the objection and exception of defendant and his motions to exclude, the court allowed the state to prove by its witness I. A. Stout, "I know the Alabama and Tennessee line by report. I never saw it run."

"Q. Now, down there at the place where Buster Milligan was killed, has it been pointed out to you or shown to you? A. No, sir; it has not been pointed out to me, I have been shown approximately.

."Q. You have been shown by some one? A. Yes, sir; I have been shown.

"Q. Then you have had it pointed out to you? A. No; not exactly. It has been pointed out to me as that is the place where Buster Milligan got out of the boat and was killed, and that place was in Alabama.

"Q. The place where Buster Milligan was killed was near what place? A. Near the upper fence in Alabama."

On cross-examination witness Stout testified, in response to the question:

"Mr.. Stout, who pointed out to you where he was killed? A. Well, I don't know as I could tell you the exact person. I have had it pointed out by different ones; that is, I have been told it by different ones going up and down the river, but no one who was present at the time of the killing told me. I have heard other people say it happened on the lower line on the Tennessee side. Some say it happened below the Tennessee line, and other people say it was in Alabama. I don't know where it happened unless where the people have told me. If he was killed where they say he got out of the boat, then it was in Alabama."

The above-quoted evidence was hearsay, pure and simple. It was, therefore, not admissible, and the court's rulings in this connection were error necessitating a reversal of the judgment of conviction. Authorities, supra.

 Other questions are presented involving the correctness of certain excerpts from the oral charge of the court and the refusal of several special charges requested by defendant. These questions will probably not arise upon another trial, and, as no proposition of law is involved wherein a decision would tend to aid the court upon another trial, we deem it unnecessary to discuss these questions here.

For the error indicated the judgment of conviction, from which this appeal was taken, is reversed and the cause remanded.

Reversed and remanded.