(115 So. 291)

**MAYES et al. v. STATE.** (7 Div. 383.)

Court of Appeals of Alabama. Jan. 31, 1928.

John B. Isbell, of Ft. Payne, for appellants.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J. The indictment was in three counts. The first charged the defendants with manufacturing whisky, and the second and third with the unlawful possession of a still, etc. There was a general verdict of guilt as to each defendant. The defendants requested, in writing, the general charge separately as to each count of the indictment and generally as to the entire indictment. These several charges were requested upon the theory (1) there was not sufficient evidence to connect the defendants with the

crime; (2) that the venue was not in Dekalb county.

The record certainly fails to disclose any evidence from which a jury could legally find that these defendants had actually manufactured or distilled any liquors prohibited by law. No distilled liquor was found, and the "beer" spoken of by the state's witnesses is not shown to have contained alcohol; nor is it shown that these defendants, or either of them, had any part in making the "beer" found at or near the place where the defendants were apprehended or arrested. The court should therefore have given the general charge as requested by defendants as to the first count of the indictment. Brasher v. State, 21 Ala. App. 309, 107 So. 727; Cole v. State, 21 Ala. App. 22, 104 So. 866; Winchester v. State, 20 Ala. App. 431, 102 So. 595.

When all the facts and circumstances surrounding the still are taken and considered, we are of the opinion that the question of possession was properly for the jury. Indeed, it is not contended by appellant's counsel in their brief that this is not so.

There was much evidence pro and con as to the location of the still, whether it was in Dekalb county, or within one-fourth of a mile from its line. While the preponderance of the evidence tends to establish the contention of defendants, the question was for the jury and was properly submitted to them. Doe ex dem. Miller v. Cullum, 4 Ala. 576; Tidwell v. State, 70 Ala. 33.

Upon motion for new trial, another question is presented. Is the evidence overwhelming that the location of the still was not in Dekalb county, or within one-fourth of a mile from its line? It seems that all parties agree that the location was not in Dekalb county, but the state says it was in a few feet of the line. Two witnesses for the state testified that, *from general reputation*, the county line was Sauta creek. This is all of the evidence tending to fix the line as being Sauta creek. On the contrary, four witnesses testified from surveys and actual measurements fixing the county line of Dekalb county more than one-half mile from where the still was located. None of these witnesses were impeached or shown to have an interest in the defendants other than to testify to the facts. While a county boundary which is unmarked may be proved by general reputation (2 Mich. Dig. 501, par. 19[2]), the venue in a criminal case is one of the material issues and must be proved by the evidence beyond a reasonable doubt. Where, therefore, the evidence for the state is based alone on general reputation as to the location of a line in a wild and unmarked section, such evidence should not be allowed to overcome testimony based upon a survey and actual measurements, made with instruments, by which the true line can be ascertained. The location of the offense enters into the jurisdiction of the court, as well as forming a material element of the rights secured to the accused, and if not proved a verdict for the defendant must follow. Tidwell v. State, 70 Ala. 33. Where then the court is convinced that the overwhelming weight of the evidence is to the effect that the offense was not committed within the county or its jurisdiction, the verdict should not be allowed to stand.

There are some technical errors in rulings upon the admission of evidence, such, for instance, as the admission of testimony as to the general reputation of the location of the county line without preliminary proof that the witness knew the general reputation or what people in the community said about it. These are not insisted upon, and perhaps would not be sufficient to justify a reversal.

For the errors pointed out, the judgment is reversed and the cause is remanded

Reversed and remanded.