[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1213 
The defendant was indicted and convicted under Alabama Code Section 13-4-2 (1975) for selling a truck to hinder, delay, or defraud the Peoples Bank of Frisco City, Alabama. The trial court fixed punishment at one year and one day imprisonment.
The facts in this case are not complicated. On July 23, 1976, the defendant borrowed $5,000.00 from Peoples Bank in Frisco City on a 150 day note, numbered 2310, which listed as collateral a Ford tractor and a 1969 Dodge truck. In January of 1977 the defendant sold the truck to Wayne Wright for $1,650.00. The bank's note had not been paid at the time of this sale and according to George Burns, the executive vice president of Peoples Bank, the defendant was never authorized to sell the truck.
On September 14, 1977, the defendant executed a "Disclosure Statement, Note Security Agreement" to Peoples Bank which renewed several of his outstanding notes by consolidating them into one note with one monthly payment. Listed as part of the collateral on this renewal note was note number 2310. At the time the renewal note was executed the bank had knowledge that the 1969 Dodge truck, part of the collateral on note 2310, had been sold by the defendant. Jimmy Tucker, a loan officer with Peoples Bank, testified that he and another loan officer learned from the defendant that he had sold the truck prior to the date the renewal note was executed. It was Mr. Tucker's testimony that when he and the other loan officer met with the defendant concerning the truck "we informed him he still owed the balance (on note 2310) and we would like for it to be paid". Note 2310 was subsequently marked "Paid by Renewal"; the renewal note, however, evidenced the bank's continuing lien on the truck by listing note 2310 among its collateral.
The defendant admitted that he owed Peoples Bank money and that his 1969 Dodge truck had been listed as collateral for note 2310. He testified that he had sold the truck prior to signing the renewal note, that the bank had given him permission to *Page 1214 
sell the truck "because I knew more about the value of it than anyone" and that he "gave" the proceeds from the truck sale ($1,650.00) to the bank within a month after the sale. The defendant stated that he did not intend to defraud the bank by making the sale. He further stated that his record of paying the bank the proceeds from the sale, a "lump sum" cancelled check for $1,650.00 naming Peoples Bank as payee, had been "destroyed in a fire . . . a year ago".
On rebuttal Mr. Tucker testified that the bank's records did not reflect a $1,650.00 check or deposit by the defendant to the bank. "The last deposit we show any record of is 11/30/76." Further, the records indicated that the defendant made no cash payments to the bank between October 20, 1976, and May 27, 1977. I
The first issue presented on this appeal concerns the sufficiency of the evidence. The defendant maintains that the State failed to prove a prima facie case. Alabama Code Section 13-4-2 (1975) reads as follows:
 "Any person who removes or sells any personal property for the purpose of hindering, delaying or defrauding any person who has claim thereto under any written instrument, lien created by law for rent or advances or any other lawful or valid claim, verbal or written, with a knowledge of the existence thereof; or who, with like intent, buys, receives or conceals any such property with knowledge of the existence of any such claim, shall, on conviction, be punished as if he had stolen the same."
The defendant's conviction involves the first part of this offense.
The elements which the State must prove in order to sustain a conviction for the removal or sale of personal property to which others have a claim under Section 13-4-2 are: (1) That the defendant removed or sold personal property; (2) that the removal or sale was made for the purpose of hindering, delaying or defrauding one having a lawful claim to such property; and (3) that the defendant had knowledge of the claim.
Here the State proved that the defendant sold a truck to which Peoples Bank had a lawful claim by way of a lien. The defendant's version did not differ in these essential particulars. See King v. State, 55 Ala. App. 306, 314 So.2d 908, cert. denied, 294 Ala. 762, 314 So.2d 912 (1975).
Secondly, the State proved that the defendant had knowledge of the bank's claim at the time of the sale. Note 2310, which listed the truck as collateral, was signed by the defendant and introduced into evidence without objection. This note, had not been satisfied. Again, the defendant admitted that he had sold the truck and that he knew of the existence of the bank's lien on it.
Thirdly, the defendant's intention to defraud the bank on their claim is a fact which the jury could infer from the above evidence. Foster v. State, 88 Ala. 182, 7 So. 185 (1890). Also see May v. State, 115 Ala. 14, 22 So. 611 (1897); Kent v.State, 34 Ala. App. 443, 41 So.2d 194 (1949); Courtney v. State,10 Ala. App. 141, 65 So. 433 (1914).
 "(S)elling or removing property on which there is a valid lien . . . cannot become criminal unless tainted with knowledge — actual knowledge — of the lien, and there is an intent to defraud the lienee. The intent, however, is an inferential fact to be drawn by the jury, and proof of the sale or removal, with knowledge of the lien, will authorize a jury to infer the intent, when there are no attendant circumstances to repeal the inference." Foster, 88 Ala. at 186-187, 7 So. at 186.
Thus, the defendant's intention to defraud the bank was a fact which the jury could have inferred from the defendant's sale of the truck with knowledge of the bank's claim. Questions of fact are for the jury to resolve. Arnold v. State, 33 Ala. App. 146,30 So.2d 587 (1947). The State proved the elements of the offense and the issue of the defendant's guilt or innocence was properly submitted to the jury. *Page 1215 
 II
Under the testimony, the bank's stamping "Paid by Renewal" on note 2310 in no way discharged the defendant's obligation to pay that note. His obligation was simply transferred to the consolidated renewal note, which listed note 2310, and thus the truck, among the collateral to which the bank retained a lien. The defendant executed the renewal note and is presumed to have recognized the bank's retained security interest in the truck. The very phrase, "Paid by Renewal", suggests that the note was not satisfied, but was renewed.
The defendant objected to the admission of the renewal note, which was titled "Disclosure Statement, Note Security Agreement", on the basis that it entailed more than was embraced by the indictment.
The renewal note was relevant to the proceedings in that it showed the bank's continuation of their lien on the collateral listed in note 2310. The renewal note was further evidence that the bank had not released the defendant from his obligation under his original note. Further, there is no question that the defendant realized he was still obligated on note 2310 when he signed the renewal note. When asked why he let the bank include note 2310 as collateral on the renewal note knowing that the collateral for note 2310 was gone the defendant replied, "Because — at the time I thought I could maybe pay for it".
Even though the sale of the truck occurred prior to the execution of the renewal note, by introducing note 2310 which had stamped on it "Paid by Renewal", it logically became necessary for the State to introduce the renewal note itself, which proved the continuation of the bank's lien on the truck, to avoid confusing the jury. Otherwise, it would have been impossible for the jury to trace the lien on the truck from the original note, which was admitted without objection, to the renewal note. It was relevant in explaining the bank's continued security interest in the truck and it prevented the jury from being misled into concluding that the original note had been satisfied.
Relevancy has a broad scope in criminal trials. Dawson v.State, 43 Ala. App. 265, 271, 188 So.2d 600 (1966).
 "The exclusion or admission of evidence, which is supposed by one party to be relevant, and by the other is considered as irrelevant, is frequently a matter of some difficulty. The general rules on this subject are, however, believed to be sufficiently clear and precise to prevent any injustice from being done. When the relevancy is not apparent from the evidence offered, but other facts will make it so, the duty of the party offering it is to state its connection with the other facts in order that its relevancy may be disclosed to the court . . . It is impossible to prescribe the course which counsel shall pursue in putting a case to the jury, but they must always be prepared to explain the object for which the evidence is offered. . . ." Crenshaw v. Davenport, 6 Ala. 390 (1844).
* * * * * *
 "(I)f any facts are shown from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury, and other evidence tending to implicate the accused is thereby rendered admissible."
 Hill v. State, 207 Ala. 444, 446, 93 So. 460, 461
(1922).
Any fact which has a causal connection or a logical relation to another fact, so as to make the other fact either more or less probable, is competent or relevant. Barnes v. State,31 Ala. App. 187, 189, 14 So.2d 242, cert. denied, 244 Ala. 597,14 So.2d 246 (1943). In the present case there was certainly a logical connection between the renewal note and note 2310. Based on the foregoing we hold that it was not error for the trial court to admit the renewal note into evidence.
 III
The defendant argues that the State failed to establish proper venue. We disagree. As has been held from the earliest reported case in this State, "venue must be properly laid to give jurisdiction". Barlow *Page 1216 v. Garrow, Minor 1 (Ala. 1820). In criminal cases the burden of proof in establishing venue is on the State. Willcutt v. State,284 Ala. 547, 226 So.2d 328 (1969). Venue must be established by the usual measure of proof in criminal cases, Mayhall v.State, 22 Ala. App. 223, 114 So. 361 (1927), that is, by proof beyond a reasonable doubt. Mayes v. State, 22 Ala. App. 316,115 So. 291 (1928). Venue may be proved by circumstantial as well as direct evidence, Wall v. State, 49 Ala. App. 285,270 So.2d 831 (1972), and the testimony of one witness is sufficient to establish venue. White v. State, 20 Ala. App. 213, 101 So. 312
(1924). It is not necessary that venue be alleged in the indictment. Shores v. State, 25 Ala. App. 351, 146 So. 537
(1933); Alabama Code Section 15-8-31 (1975). Unless otherwise provided by law, the venue of all public offenses is in the county in which the offense was committed. Welch v. State,28 Ala. App. 273, 183 So. 879, cert. denied, 236 Ala. 577,183 So. 886 (1938); Alabama Code Section 15-2-2 (1975).
Venue for that part of Alabama Code Section 13-4-2 (1975) presently under consideration is either the place from which the defendant removes the property with the intent to hinder, delay, or defraud the person having claim to it or the place where the defendant sells the property with like intent. This is so irrespective of where the mortgage was executed. 14 C.J.S. Chattel Mortgages, Section 282 (1939). The statute condemns the removal or the sale of the property. Consequently, the crime is incomplete until such time as the property is removed or sold with the requisite intent. Although the intent to remove or sell is a necessary element which the State must prove, intent alone does not constitute the crime. Cheshier v.State, 296 P.2d 190, 193 (Okla.Cr.App. 1956); De Graffenried v.State, 28 Ala. App. 291, 182 So. 482 (1938).
The facts show that Mr. Tucker tried to find the Dodge truck. He went to the defendant's house but he was not home. He went to the defendant's father's house where the defendant told him that the truck had been sold to Mr. Wright in Excel.
"Q. Who did he say he had sold it to?
 "A. To Mr. Wright in Excel concerning the Dodge truck.
"Q. Which Wright was that?
"A. Wayne Wright.
"Q. Mr. Wayne Wright in Excel?
"A. Yes, sir.
"Q. The Dodge truck?
"A. Yes, sir.
 "Q. This transaction took place in Frisco City here in Monroe County — is that right?
"A. Yes, sir, at our normal place of business."
From this testimony and from the context in which it appears in the record, the jury could have concluded that the sale was made in Excel which is in Monroe County. "This transaction" could be interpreted as referring to the sale of the truck, which would place venue in Monroe County, or to the signing of the note and the security agreement, which would have no bearing upon venue.
Wayne Wright, who purchased the truck from the defendant, testified that his address was "Route Two, Repton". Repton is in Conecuh County. He testified that "the transaction" took place "at my house".
The defendant testified that he lived at "Route One, Monroeville — Ollie". Monroeville is in Monroe County. He also stated that during this time he sold his house in Excel. On rebuttal the State introduced some exhibits containing financial information which listed the defendant's address as being in Excel, Alabama.
When the State offers evidence tending to show that the crime was committed within the jurisdiction of the court, the question of venue becomes one for the jury. Willcutt v. State,284 Ala. 547, 550, 226 So.2d 328 (1969); Britton v. State,15 Ala. App. 584, 587, 74 So. 721 (1917). Where there is no evidence of venue it is a question for the court; but if there is evidence of venue and it is in conflict, it is a question for the jury. Mayhall v. State, 22 Ala. App. 223, 225,114 So. 361 (1927); Hanson v. State, 19 Ala. App. 249, 250, 96 So. 655
(1923); Britton, *Page 1217 
supra. The inferences to be drawn from the evidence, when susceptible of more than one rational conclusion, are for the jury and not for this Court to determine. williams v. State,50 Ala. App. 341, 343, 279 So.2d 145 (1973). A verdict on conflicting evidence is conclusive on appeal. Robertson v.State, 162 Ala. 30, 32, 50 So. 345 (1909).
This Court can take judicial notice that Excel is in Monroe County. Hall v. State, 213 Ala. 325, 104 So. 826 (1925); Dupreev. State, 148 Ala. 620, 42 So. 1004 (1907); Boardman v. Ewing, 3 Stew P. 293 (Ala. 1833); Barney v. State, 5 Ala. App. 302,57 So. 598 (1912). Thus, evidence was presented from which the jury could reasonably have believed either that the sale occurred in Monroe County or that the property was removed from that county. Hence, venue was proper in Monroe County.
 IV
The defendant contends that the trial court committed reversible error in allowing the State to ask him on cross examination whether he still owned the Ford tractor which was listed along with the Dodge truck as collateral on note 2310. The defendant maintains that this evidence should not have been admitted as it was evidence pertaining to another crime.
As previously stated, note 2310 was admitted without objection. Listed as collateral were the tractor and truck. Asking the defendant whether he owned the tractor on September 14, 1977, the date he executed the renewal note which consolidated several notes including note 2310, was not prejudicial. The defendant was not asked if he had sold or removed the tractor. He was simply asked if he had possession of the tractor. This was not an attempt by the State to present evidence of another crime. It was merely evidence that the defendant had none of the collateral listed on note 2310 in his possession the day the renewal note was executed. Whether the defendant's lack of ownership of the tractor could be subject to criminal prosecution would be speculation on this appeal.
The defendant's negative response to ownership of the tractor led to the next question:
 "Q. All right, sir. What was the purpose then of your signing this renewal note if all the collateral in this note (2310) was gone from you? What was the purpose of your letting him include in it that 2310 as a part of the collateral?"
* * * * * *
 "A. — at the time I thought I could maybe pay for it."
This clearly proved the defendant's knowledge of the bank's claim to property listed on note 2310, an element of the offense. Evidence which is relevant to establish some element of the offense, or material as to some issue in the case, is not rendered inadmissible by the fact that it also tends to show another offense committed by the defendant. Snead v.State, 243 Ala. 23, 24, 8 So.2d 269 (1942), and authority cited therein. Thus, not only was the defendant's nonownership of the tractor not evidence of a separate crime, his nonownership coupled with his reason for signing the renewal note demonstrated his knowledge of the bank's claim to the collateral and was therefore admissible even if it did tend to show another offense.
 V
The defendant questions the constitutionality of Alabama Code Section 13-4-2 (1975). It is submitted that the statute is constitutionally vague because it proscribes innocent conduct as well as criminal conduct and, thus, is repugnant to the due process clause of the Fourteenth Amendment of the United States Constitution. We fail to see how Section 13-4-2 could proscribe innocent behavior as it specifically requires an intent to hinder, delay or defraud.
A statute should be construed, if possible, to give it validity and remove any question of constitutionality. Morganv. State, 280 Ala. 414, 194 So.2d 820, cert. denied,389 U.S. 7, 88 S.Ct. 47, 19 L.Ed.2d 6 (1967). A penal statute must be definite to be valid, Tyus v. State, 347 So.2d 1377, 1384 *Page 1218 
(Ala.Cr.App.), cert. denied, 347 So.2d 1384 (Ala. 1977), and must be strictly construed. State v. Ballard, 341 So.2d 957
(Ala.Cr.App. 1976), writ quashed, 341 So.2d 962 (Ala. 1977). Without belaboring the point, we hold that Section 13-4-2 is sufficiently definite and certain to enable every person of ordinary intelligence, by reading it, to know what his rights and obligations are and how the statute will operate when put into execution. Tyus, supra.
We have carefully reviewed each issue presented by the defendant on appeal. We have also searched the record for error as required by law. Finding no error prejudicial to the defendant's right to a fair trial we affirm his conviction.
AFFIRMED.
All Judges concur.