C G Development ("C G"), an Alabama general partnership, and Charles Saunders filed an action against the Planning Commission of the City of Homewood ("Commission") and the Commission members individually, requesting a writ of mandamus ordering the Commission to approve a subdivision plat that C 
G had submitted to the Commission and claiming damages under42 U.S.C. § 1983 for an alleged deprivation of their right to due process of law. The trial court dismissed the complaint and later denied C G and Saunders's motion to alter, amend, or vacate the judgment.
In February 1987, Saunders submitted a subdivision development application to the Commission. That application proposed a subdivision of the "parcel of land West of Shadesview Terrace and East of Saulter Road with frontage on Shadesview Terrace." Saunders apparently filed the application on behalf of Shades Valley Land Company, as well as on his own behalf. The briefs (for both parties) indicate that Shades Valley Land Company and C G had entered into a contract whereby Shades Valley Land Company agreed to sell C G the land where the proposed subdivision would be and that C G had agreed to buy the land if the Commission approved Saunders's application.
The Commission discussed Saunders's application in its March 1987 and April 1987 meetings. At the May 5, 1987, meeting, the Commission denied the application. On May 15, 1987, Saunders and C G filed this action.
The complaint sought the writ of mandamus and also claimed $500,000 in damages pursuant to 42 U.S.C. § 1983, because the Commission had allegedly denied C G and Saunders due process in relation to their alleged property rights to the development of the proposed subdivision.
In addition to the Commission, C G and Saunders named the following people as defendants, individually and in their respective capacities as members of the commission: Mary Frances Farley, Howard E. Fields, J. Steven Dorough, Larry McLeod (chairman), Wade Bradley, William T. Gaskell, Robert G. Waldrop, Cliff Farrell, and Jerry Crowe. The trial court dismissed the complaint and denied the plaintiffs' motion to alter, amend, or vacate the judgment. C G and Saunders no longer have the contractual option to purchase the property they sought to subdivide. This appeal thus principally concerns their 42 U.S.C. § 1983 claim for damages; the appeal concerns the denial of the writ of mandamus only to the extent that a determination concerning the writ of mandamus affects the damages claim.
Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Barber v. Covington County Comm'n, 466 So.2d 945,947 (Ala. 1985); Martin v. Loeb Co., 349 So.2d 9 (Ala. 1977).
While Alabama's subdivision control statutes, Ala. Code 1975, § 11-52-30 et seq., are but infrequently the subject of litigation, the Court has held that "[t]he authority of the Planning Commission to exercise control over subdivision of lands within the municipality is derived from the legislature. . . . [The planning commission] is authorized to adopt regulations not inconsistent with the statutes." Smith v. Cityof *Page 453 Mobile, 374 So.2d 305, 307 (Ala. 1979), quoting Boulder Corp.v. Vann, 345 So.2d 272, 275 (Ala. 1977). "Once a planning commission has properly exercised its authority in drafting ordinances regulating subdivision development, it is bound by those ordinances." Smith, at 307.
The Commission had enacted subdivision regulations, which were in effect during all the times relevant to this appeal. Article 3, Section 22.1, of the subdivision regulations states:
 "Street Layout: conformity with a plan for the most advantageous neighborhood development. The street layout shall be in conformity with a plan for the most advantageous development of the entire neighboring area. All proposed streets shall be in alignment with existing planned or platted streets with which they are to connect. The street layout shall include secondary and minor streets of considerable continuity approximately parallel to and on each side of each major street, highway or parkway. . . ."
(Emphasis added.)
Our review of the plat indicates that the trial court could have found that the plat, on its face, violated the above-quoted regulation and, accordingly, that the Commission had a lawful basis for holding that the plat was due to be denied. The plat contained 22 lots, with the only proposed means of ingress to and egress from the subdivision requiring construction of a road through an existing alley. That plat proposed that the building site for lot 22 be located over that same existing alley; the plat also proposed that that existing alley be vacated. The record indicates that the Commission inquired at length about the effect the proposed subdivision would have on the existing alley. From the record it appears that, not only was it proposed that a house be built over a portion of the existing alley, but also that building the plat's proposed entrance road, the only means of ingress to and egress from the subdivision, would require cutting a channel approximately 10 feet deep through the existing alley and constructing a large retaining wall on both sides of the road, all of which would bisect and destroy the existing alley.
C G and Saunders contend that the Commission's concern about the alley is a sham, a smokescreen to detract from the Commission's true concerns. Undeniably, "mandamus will lie to compel the approval of a subdivision plan where a council, vested with the authority to approve, gives reasons for its refusal to approve that are unrelated to the question of conformance of the plan with applicable ordinances." Smith,supra, at 308. C G and Saunders argue that "the denial of the subdivision application was a mere device by which the Commission attempted to control density and square footage through the subdivision approval process rather than through the zoning process." The record does not support that argument; rather, the record indicates that the Commission's denial of the subdivision plat was based on its own regulations, which the Commission was obligated to follow. The trial court held that the Commission could lawfully deny approval of the subdivision, "based on the Homewood Planning Commission subdivision rules and regulations." The record will not support a holding that the trial court erred when it denied C G and Saunders's petition for mandamus.
C G and Saunders's claim pursuant to 42 U.S.C. § 1983 was based on the allegation that the Commission deprived them of their alleged property right to the development of the proposed subdivision without due process of law. The Commission's denial of Saunders's application for a proposed subdivision did not violate the plaintiffs' due process rights, because the Commission had a lawful basis for not approving the plat. Accordingly, the trial court did not err when it dismissed the42 U.S.C. § 1983 count of the plaintiffs' complaint.
The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur. *Page 454