This is a petition for a writ of mandamus to the Circuit Court of Blount County ordering it to vacate its November 27, 1990, order denying a motion to quash an indictment against the petitioner, William David East, and to enter an order quashing the indictment. We deny the writ.
East was indicted in Blount County, Alabama, on four counts of conspiring with John Albert DeCastro Day to violate the Alabama Securities Act, Ala. Code 1975, § 8-6-17(1) and (3). The indictment charged as follows:
 "[East] willfully and unlawfully, in connection with the offer purchase or sale of a security, to-wit:
 "Standard and Poor's 100 index options sold from about December 17, 1987, to about March 2, 1988, to Irene Robins and Bert Shepherd, residents of Blount County, as trustees for the Davis Robbins Family Trust, directly and indirectly to employ a device, scheme or artifice to defraud, to-wit:
 "To purchase said options without naming the accounts for which they were being purchased; wait to see whether said options rose or fell in value; charge the options that rose in value to John Albert DeCastro Day's own brokerage account and the brokerage accounts of William David East . . . and immediately sell said options at a profit; and charge the options that fell in value to the trustee's account at the prices at which they were purchased before falling in value, without any prior consent or authorization from, or notice to or knowledge of, said trustees, within Blount County, Alabama, in violation of [Ala. Code 1975, § 8-6-17(1)]. . . .
". . . .
 "William David East . . . and John Albert DeCastro Day conspired together contrary to law, willfully and unlawfully, in connection with the offer, purchase or sale of a security, to-wit:
 "Standard and Poor's 100 Index Options sold from about December 17, 1987, to about March 2, 1988, to Irene Robins and Bert Shepherd, residents of Blount County, as trustees for the Davis Robbins Family Trust, directly and indirectly, to engage in an act, practice or course of business which operated as a fraud or deceit upon said trustees in the following manner, to-wit:
 "To purchase said options without naming the accounts for which they were being purchased; wait to see whether said options rose or fell in value; charge the options that rose in value to John Albert DeCastro Day's own brokerage account and the brokerage accounts of William David East . . . and immediately sell said options at a profit; and charge the options that fell in value to the trustee's account at the prices at which they were purchased before falling in value, without any prior consent or authorization from, or notice to or knowledge of, said trustees, within Blount County, Alabama, in violation of [Ala. Code 1975, § 8-6-17(3)]. . . ."
On February 3, 1990, East made a motion in the Circuit Court of Blount County to quash the indictment against him on the grounds that that court was without jurisdiction in the case because, he argued, none of the alleged acts could have occurred in Blount County. East said that all of the alleged transactions could have occurred only in Jefferson County, Alabama, or in New York City, New York, where the options were actually traded. East cited Alabama Constitution of 1901, Art. I, § 6, and Ala. Code 1975, § 15-2-2, in support of his argument that the trial court, i.e., the *Page 498 
Blount Circuit Court, was without jurisdiction. East further argued that venue was improper because, he said, he had never been to Blount County and had never contacted any of the alleged victims of the fraud scheme in Blount County.
On November 27, 1990, after a hearing on the matter, the trial court denied East's motion to quash the indictment. On January 23, 1991, East petitioned the Court of Criminal Appeals for a writ of mandamus ordering the trial court to vacate its November 27, 1990, order and to enter an order quashing the indictment against East. The Court of Criminal appeals denied East's petition, and East now petitions this Court for a writ of mandamus on the same grounds seeking the same relief.
East argues that the trial court is without jurisdiction because, he says, none of the alleged acts could have occurred in Blount County. East says that under Alabama Constitution of 1901, Art. I, § 6, and Ala. Code 1975, § 15-2-2, venue is proper only in the county where the alleged offense was committed, and that "in a criminal prosecution venue must be properly laid to give the trial court jurisdiction."
In its order, the trial court stated:
 "The defendant [East] argues that this court is without jurisdiction because the acts alleged to have been committed could only have occurred, if at all, in another county and not in this circuit. The state and the defendant have alleged different facts that support their respective positions.
 "It is the opinion of this court, that the matters in dispute are factual and that the state is required to prove both jurisdiction and venue at trial."
Mandamus is an extraordinary writ, to be issued only where there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. C G Development v. Planning Comm'n of the City ofHomewood, 548 So.2d 451 (Ala. 1989).
Proof of venue is jurisdictional to the extent that without such proof, where the question is properly raised, a conviction cannot be sustained on appeal. Lewis v. State, 461 So.2d 9, 11
(Ala. 1984); compare Ala. Code 1975, § 12-11-30(2) (circuit courts have exclusive original jurisdiction over all felony prosecutions and lesser included misdemeanors), and § 15-2-2
(venue of all public offenses is in the county where the offense was committed). The burden of proof regarding venue is on the state, and the state may establish venue by circumstantial evidence. Willcutt v. State, 284 Ala. 547,226 So.2d 328 (1969). When there is no evidence of venue or the evidence on the issue is undisputed, it is a question for the court, but when there is conflicting evidence of venue, it is a question for the jury. Willcutt, supra.
In this case, the record reveals a factual dispute as to venue. Therefore, the issue of venue is one for the jury. Consequently, East has no clear right to have the indictment against him quashed, and the petition for writ of mandamus is due to be denied. C G Development, supra.
Furthermore, East was indicted for conspiring with Day to violate § 8-6-17 (see Ex parte Day, 584 So.2d 493 (Ala. 1991)). In Ex parte Day, this Court held that venue could be proper in Blount County as to defendant Day. The state argues that if venue is proper in Blount County in Day's trial, then venue is proper in Blount County for East's trial because Day and East were co-conspirators.
The law looks upon a conspirator, or one who aids an actual participant in the completed offense, as an actual participant in the completed offense. In other words, such a person is considered a principal; thus, venue for a conspirator's trial is proper where it is proper for the principal's trial. Exparte Williams, 383 So.2d 564, 565 (Ala.), cert. denied,449 U.S. 995, 101 S.Ct. 534, 66 L.Ed.2d 293 (1980); Buffo v.Graddick, 742 F.2d 592, 598 (11th Cir. 1984). It follows that because East was indicted for conspiring with Day (the principal), venue is proper for East's trial where it would be proper for Day's trial. Accordingly, *Page 499 
we deny East's petition for a writ of mandamus.
WRIT DENIED.
ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.