In January 1990, the grand jury of Blount County, Alabama, indicted John Albert DeCastro Day on 58 counts of violating Ala. Code 1975, § 8-6-17. Day petitioned this Court for a writ of mandamus ordering the Circuit Court of Blount County *Page 494 
to vacate its November 27, 1990, order denying Day's motion to quash the indictment because of improper venue and to enter an order quashing it.
Section 8-6-17 reads:
 "It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly, to:
 "(1) Employ any device, scheme or artifice to defraud;
 "(2) Make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
 "(3) Engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person."
The indictment alleged that Day bought stock options without naming the accounts for which they were purchased and then, after waiting to see whether the options rose or fell in value, charged the options that rose in value to his account or to William David East's account (see Ex parte East, 584 So.2d 496
(Ala. 1991)), and charged the options that fell in value to certain customers' accounts. The indictment alleged that he took all these actions without the consent or knowledge of the trustees of the accounts to which the fallen options were charged and that the trustees of those accounts were residents of Blount County. Day argues that venue in Blount County is improper because, he says, the purchase, sale, or posting of the options could have occurred only in Jefferson County, Alabama, or in New York City, New York. Therefore, Day says, venue is proper only in Jefferson County, Alabama, under Alabama Constitution of 1901, Art. I, § 6, and Ala. Code 1975, §15-2-2; he argues that venue is proper only in the county where the alleged offense was committed and that "in a criminal prosecution venue must be properly laid to give the trial court jurisdiction." We disagree with Day's analysis.
On February 3, 1990, Day made a motion in the Circuit Court of Blount County to quash the indictment against him on the grounds that that court was without jurisdiction because, he claimed, none of the alleged acts could have occurred in Blount County. On November 27, 1990, after a hearing on the matter, the trial court denied Day's motion to quash the indictment.
In its order, the trial court stated:
 "The defendant [Day] argues that this court is without jurisdiction because the acts alleged to have been committed could only have occurred, if at all, in another county and not in this circuit. The state and the defendant have alleged different facts that support their respective positions.
 "It is the opinion of this court, that the matters in dispute are factual and that the state is required to prove both jurisdiction and venue at trial."
On January 23, 1991, Day petitioned the Court of Criminal Appeals for a writ of mandamus ordering the trial court to vacate its November 27, 1990, order and to enter an order quashing the indictment against Day. The Court of Criminal Appeals denied Day's petition, and he now petitions this Court for a writ of mandamus on the same grounds and for the same relief.
Mandamus is an extraordinary writ, to be issued only where there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. C G Development v. Planning Comm'n of the City ofHomewood, 548 So.2d 451 (Ala. 1989).
Day relies upon this Court's opinion in Ex parte Hunte,436 So.2d 806 (Ala. 1983), for the proposition that the acts alleged under the indictment were completed once the options that fell in value were put into the customers' trust accounts. However,Hunte is distinguishable, because it involved an issue of venue under the Medicaid Fraud Act, Ala. Code 1975, § 22-1-11. InHunte the defendant was indicted in Montgomery County, Alabama, for violating *Page 495 
§ 22-1-11. The defendant petitioned the Court of Criminal Appeals for a writ of mandamus ordering the Montgomery Circuit Court to transfer the case to Mobile County, Alabama, on the grounds that the alleged fraudulent Medicaid application had been completed in Mobile County. The Court of Criminal Appeals granted the defendant's petition, and this Court granted the state's petition for a writ of certiorari to review that decision. We held that under § 22-1-11 the crime was complete once a false claim or statement was made in an application for payment from Medicaid. This Court held that the statute did not require that the Medicaid Agency receive or rely upon the application. The opinion in Hunte was careful to distinguish the Medicaid Fraud Act from the tort of misrepresentation and fraud, because in fraud actions the act or omission complained of may also occur in the county where the victim relied upon the false representation.
Section 8-6-17 is similar to statutes dealing with fraud, because it is intended to prohibit all fraudulent schemes in connection with the offer, sale, or purchase of securities. "This is true whether or not the artifices employed involve a garden-type variety of fraud, or present a unique form of deception. 'Novel or atypical methods should not provide immunity from the securities law.' " Buffo v. State,415 So.2d 1158, 1165 (Ala. 1982) (quoting A.T. Brod Co. v. Perlow,375 F.2d 393, 397 (2d Cir. 1967)).
In Buffo this Court affirmed the defendant's conviction for violating § 8-6-17. The defendant was a California real estate appraiser; the fraudulent documents were prepared in California and sent to an insurance company in Montgomery, Alabama. The Alabama Department of Insurance later relied on the fraudulent documents in determining the company's net worth. This Court upheld the defendant's conviction in Alabama for violating §8-6-17. In deciding Buffo, this Court stated that federal cases should be reviewed to aid in the interpretation of the statute because § 8-6-17 is almost identical to Rule 10b-5 (15 U.S.C. § 78j
(1983)) and there are relatively few Alabama cases construing § 8-6-17.
After this Court affirmed the defendant's conviction inBuffo, the defendant petitioned the federal courts for a writ of habeas corpus on the grounds that the State of Alabama had lacked jurisdiction and was not a proper venue because, he claimed, his activities in the securities fraud occurred only in California. Buffo v. Graddick, 742 F.2d 592 (11th Cir. 1984). The 11th Circuit Court of Appeals upheld Alabama's assertion of jurisdiction and proper venue, recognizing:
 " 'Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the effect, if the state should succeed in getting him within its power.' "
Buffo, 742 F.2d at 598 (quoting Strassheim v. Daily,221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735 (1911)). Thus, under § 8-6-17, venue could be proper in Blount County, if the state can show that the alleged fraudulent scheme had a detrimental effect within that county. However, if the state cannot make such a showing, any conviction there could not be sustained on appeal. Lewis v. State, 461 So.2d 9, 11 (Ala. 1984).
In Hunte it was uncontested that the defendant had completed the alleged fraudulent applications in Mobile County; thus, Mobile County was the only county where venue could have been proper. In this case the state argues that venue is proper in Blount County because the victims were residents of Blount County when Day allegedly defrauded them and because as part of that fraudulent scheme Day communicated with and met with the victims in Blount County. Proof of venue is jurisdictional to the extent that without such proof, where the question is properly raised, a conviction cannot be sustained. Lewis, supra, at 11; compare Ala. Code 1975, § 12-11-30(2) (circuit courts have exclusive original jurisdiction over all felony prosecutions and lesser included misdemeanors) and § 15-2-2
(venue of all public offenses is in the county where the offense *Page 496 
was committed). The burden of proof regarding venue is on the state, and the state may establish venue by circumstantial evidence. Lewis, supra, Willcutt v. State, 284 Ala. 547,226 So.2d 328 (1969). When there is no evidence of venue or the evidence of venue is undisputed, it is a question for the court, but when there is conflicting evidence of venue, it is a question for the jury. Willcutt, supra: Stokes v. State,373 So.2d 1211, 1216-17 (Ala.Crim.App. 1979).
In this case, we agree with the circuit court that there is a factual dispute as to venue. Therefore, the issue of venue is one for the jury. Consequently, Day has no clear right to have the indictment against him quashed, and the petition for the writ of mandamus is denied. C G Development, supra.
WRIT DENIED.
ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.