LYONS, Justice.
Michael Levonne Russell was convicted of driving under the influence of alcohol. The circuit court sentenced him to serve one year in the county jail; it split that sentence, ordering Russell to serve 10 days of the sentence, and it suspended the balance of the sentence and placed Russell on one year’s probation. The court also ordered him to pay a $750 fine, a $25 victim’s compensation assessment, and court costs. Russell appealed his conviction. The Court of Criminal Appeals affirmed Russell’s conviction in an unpublished memorandum. (No. CR-00-1160) — So.2d - (Ala.Crim.App.2001) (table). We granted certiorari review to determine whether the City of Mobile (“the City”) presented sufficient evidence to establish that venue was proper in Mobile County. We reverse the judgment of the Court of Criminal Appeals.
I.
The City’s evidence showed that, on March 15, 2001, Mobile police officer General Finklea stopped Russell for a headlight violation. The complaint states that Russell was stopped on “a public street, road, highway or other place, at or near [the intersection of] Dr. M[artin] L[uther] K[ing] [Boulevard] and English [Street]” within the city limits of Mobile. When Officer Finklea approached Russell’s vehicle, he detected the odor of alcohol on Russell’s person. When Russell was unable to perform a field sobriety test successfully, Officer Finklea placed him under arrest for driving under the influence of alcohol. Two Intoxilyzer tests revealed that Russell’s blood-alcohol level was .18 and .19, respectively.
At trial the only evidence tending to establish venue was the following: Officer Finklea testified that at the time of Russell’s arrest he had been employed with the Mobile Police Department for approximately six months. Officer Finklea testified that when he turned on his flashing lights and siren to stop Russell’s vehicle, Russell stopped within about 500 to 600 feet. The prosecutor did not specifically ask Officer Finklea the location at which Russell stopped his vehicle. However, the prosecutor did ask Officer Finklea the following question: “I think you heard the Judge say earlier that you stopped Mr. Russell at Dr. Martin Luther King and English?” Officer Finklea responded, ‘Wes, ma’am.” Officer Finklea testified that after he placed Russell under arrest he took him to the police station in the *538 “first precinct,” which is located at the corner of Virginia Street and Broad Street. According to Officer Finklea it took about 10 minutes to drive from the location of the arrest to the first precinct police station. Officer Troy Faulk performed the Intoxñyzer tests on Russell. Officer Faulk testified that he also was employed by the Mobüe Police Department. He stated that he was a patrol officer in the “third precinct” but that he went to the “first precinct” to perform the Intoxñyzer tests on Russeñ.
At the close of the City’s case, Russell moved for a judgment of acquittal, arguing, among other things, “lack of venue.” The trial court denied Russell’s motion. Russeñ was convicted and sentenced.
On appeal Russell argues that the City faded to establish that venue was proper in Mobüe County. According to Russell, Officer Finklea’s testimony did not indicate where the offense occurred, and there was no other testimony establishing the venue of the offense. The Court of Criminal Appeals affirmed Russell’s conviction, holding that the City had introduced circumstantial evidence sufficient to allow the jury to infer that the offense had occurred within the City of Mobüe, which is within Mobile County. Further, the Court of Criminal Appeals held that the circuit court could have taken judicial notice of the location of the offense.
II.
The burden of proof regarding venue is on the State, and the State may establish venue by circumstantial evidence. Ex parte East, 584 So.2d 496, 498 (Ala.1991); Willcutt v. State, 284 Ala. 547, 550, 226 So.2d 328, 380 (1969). This Court has held that, “ 'A conviction in a criminal case can never be had except upon proof of the venue, and this need not be proved by direct evidence, but evidence from which it may be inferred is sufficient; but the venue of a crime should never be left in doubt, nor supplied by inference, when it may be readüy proved.’ ” Ex parte Jones, 519 So.2d 589, 590 (Ala.1987), quoting Mayhall v. State, 22 Ala.App. 223, 225, 114 So. 361, 363 (1927), citing Walker v. State, 153 Ala. 31, 45 So. 640 (1908), rev’d on other grounds, 184 Ala. 26, 63 So. 1010 (1913) (emphasis added).
When there is conflicting evidence as to venue, whether the State has proven venue is a question for the jury. Ex parte East, supra. However, when no evidence as to venue has been presented, the question is one for the court. Ex parte Day, 584 So.2d 493, 496 (Ala.1991); Ex parte East, supra. In that event, upon proper motion, the court may, and should, take the issue of venue from the jury and enter a directed judgment of acquittal for the defendant. Fañure to prove venue is ground for reversal. Ex parte Jones, 519 So.2d at 590.
We are unpersuaded by the City’s argument that it presented circumstantial evidence sufficient to establish that the offense occurred in Mobüe County and that venue was proper there. The prosecutor could have elicited the exact location of the offense simply by asking Officer Finklea where he stopped Russeü’s vehicle. Instead, the prosecutor asked Officer Fink-lea if he heard the trial judge say earlier that Officer Finklea had stopped Russell at the intersection of Dr. Martin Luther King Boulevard and English Street. A witness’s response to a question asking if he or she heard something that another has said indicates only whether the witness heard such statement. Thus, Officer Fink-lea’s affirmative response was not substantial evidence indicating that the offense occurred at or near the intersection of Dr. Martin Luther King Boulevard and English Street in Mobüe County. Further *539 more, if there is no evidence indicating where Officer Finklea activated his siren and lights, then evidence indicating that Russell stopped his vehicle within 500 to 600 feet of that event does not, on its own, establish venue. For all that appears, Russell stopped his vehicle outside of Mobile County.
The City also argues that venue may be established based upon the fact that the officers who arrested Russell were employed by the Mobile Police Department and that Russell was taken to the police station in the first precinct, located at the corner of Virginia Street and Broad Street, after his arrest. Evidence indicating that Officer Finklea was a member of the Mobile Police Department when he made the arrest and that Russell was taken to the police station to which Officer Finklea was assigned is not proof beyond a reasonable doubt that Officer Finklea made the arrest within Mobile County. There must be affirmative evidence of the location at which a crime occurs. The City of Mobile was charged with the burden of proving venue; it failed to do so in this case. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the case to that court for the entry of an order consistent with this opinion.[1]
REVERSED AND REMANDED.
HOUSTON, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
MOORE, C.J., and SEE, BROWN, and STUART, JJ., dissent.

. Chief Justice Moore’s dissent relies upon the police report and the fact that Officer Finklea testified that it took 10 minutes to transport Russell from the place of his arrest to the police station in the first precinct. However, the police report was inadmissible; therefore, we should not even consider it. In addition, the fact that it took 10 minutes to get to the police station does not in and of itself prove venue; in a metropolitan area one can travel in and out of city limits in minutes.