MOORE, Chief Justice
(dissenting.)
I respectfully dissent from the Court’s conclusion that the venue of the offense was not sufficiently proved in this case. Officer Finklea testified that it took 10 minutes to transport Russell from the place of his arrest to the police station in the first precinct, which is in Mobile County. This in itself is a strong indication of proper venue. Officer Finklea, who is employed by the Mobile Police Department, was asked by the prosecutor the following question at trial: “I think you heard the Judge say earlier that, you stopped Mr. Russell at Dr. Martin Luther King [Boulevard] and English [street in Mobile]?” Officer Finklea responded, “Yes, ma’am.” I find Russell’s contention that Officer Fink-lea was merely stating that he had heard the Judge’s statement about where the arrest took place and was not verifying the location of the arrest to be suspect. The police complaint states that Russell was stopped on “a public street, road, highway or other place, at or near [the intersection of] Dr. M[artin] L[uther] K[ing] and English” within the city limits of Mobile. While the complaint cannot be considered evidence of the venue of the offense, it certainly provides a context for Officer Finklea’s answer to the prosecutor’s question.
The question of venue is one for the jury when some evidence tending to show that the offense was committed within the jurisdiction of the court has been presented. ‘When there is no evidence of venue or the evidence on the issue is undisputed, it is a question for the court, but when there is conflicting evidence of venue, it is a question for the jury.” Ex parte East, 584 So.2d 496, 498 (Ala.1991). Some evidence of venue was introduced; therefore, it was *540 for the jury to decide if venue was proper, which it clearly did by convicting Russell.
Admittedly, the evidence as to venue could have been stronger; it would have been ideal had the prosecutor directly asked the arresting officer where he had picked Russell up. We make a mistake, in my view, if in our zeal for procedural perfection we overlook reality. The purpose of the venue requirement is to ensure that a court has geographical jurisdiction of the case. Neither the trial court nor the jury had any reasonable doubt about the evidence, as shown by the verdict. Because the evidence indicates that Russell was arrested in Mobile County, we have no reason to question the trial court or the jury on this matter.
The rationale of the Court of Criminal Appeals in its unpublished memorandum, that sufficient evidence of venue was presented at trial, is sound, given the evidence in the record. Accordingly, I would find that venue was sufficiently proved in this case and affirm the judgment of the Court of Criminal Appeals. Therefore, I dissent.
BROWN and STUART, JJ., concur.