WELCH, Judge.
 

 Larry Mitchell was convicted of unlawful possession of a controlled substance, a violation of § 13A-12-212(a)(l), Ala.Code 1975. The trial court sentenced Mitchell to 10 years’ imprisonment and ordered Mitchell to pay a fine of $500, an assessment of $250 to the Alabama Crime Victims Compensation Fund, an assessment of $2,000 in accordance with the Alabama Drug Demand Reduction Act, and an assessment of $100 to the Alabama Forensic Science Trust Fund. No post-trial motions were filed. This appeal followed.
 

 The following testimony was presented at trial. Officer Jeremy Anderson testified that on June 24, 2007, he was employed by the Fairhope Police Department. On that date, Officer Anderson went with other officers to Mitchell’s residence to locate and arrest Annette Ham-ric, who “had felony warrants for her out of the county.” (R. 109.) Officers knocked on Mitchell’s door, and Mitchell opened the door. The officers obtained consent to enter the house and began walking into different rooms of the house to look for Hamric. In the first bedroom, Officer Anderson saw crack cocaine lying in plain view on the dresser. Another officer saw drug paraphernalia in plain view in the living room. Officer Anderson testified that Mitchell was the primary owner of the residence, and the officers arrested Mitchell and took him to the Fair-hope Police Department.
 

 Sergeant Larry Sledge with the Fair-hope Police Department testified that Mitchell was the only resident of the home where he was arrested, even though officers found a woman, who was not identified as Annette Hamric, on the couch when they arrived.
 

 At the close of the State’s case, Mitchell made a motion for a judgment of acquittal in which he argued that the State had not presented sufficient evidence to prove venue and that the circuit court did not have jurisdiction to render a judgment and to impose sentence. Specifically, Mitchell argued that the State had not presented evidence that the offense occurred in Baldwin County. The trial court denied Mitchell’s motion, and, although Mitchell renewed the motion after he declined to present any witnesses and rested his case, the trial court again denied Mitchell’s motion for a judgment of acquittal. Mitchell argues on appeal that the trial court erred in denying his motion for a judgment of acquittal because, he says, the State did not present evidence of venue at trial.
 

 It is well settled that
 

 “[t]he burden of proof regarding venue is on the State, and the State may establish venue by circumstantial evidence.
 
 Ex parte East,
 
 584 So.2d 496, 498 (Ala.1991);
 
 Willcutt v. State,
 
 284 Ala. 547, 550, 226 So.2d 328, 330 (1969). This Court has held that, ‘ “A conviction in a criminal case can never be had except upon proof of the venue, and this need not be proved by direct evidence, but evidence from which it may be inferred is sufficient;
 
 but
 
 the venue of a crime should never be left in doubt, nor supplied by inference, when it may be readily proved.” ’
 
 Ex parte Jones,
 
 519 So.2d 589, 590 (Ala.1987), quoting
 
 Mayhall v. State,
 
 22 Ala.App. 223, 225, 114 So. 361, 363 (1927), citing
 
 Walker v. State,
 
 153 Ala. 31, 45 So. 640 (1908), rev’d on other grounds, 184 Ala. 26, 63 So. 1010 (1913) (emphasis added).
 

 “When there is conflicting evidence as to venue, whether the State has proven venue is a question for the jury.
 
 Ex parte East,
 
 supra. However, when no
 
 *19
 
 evidence as to venue has been presented, the question is one for the court.
 
 Ex parte Day,
 
 584 So.2d 493, 496 (Ala.1991);
 
 Ex parte East,
 
 supra. In that event, upon proper motion, the court may, and should, take the issue of venue from the jury and enter a directed judgment of acquittal for the defendant. Failure to prove venue is ground for reversal.
 
 Ex parte Jones,
 
 519 So.2d at 590.”
 

 Ex parte Russell,
 
 844 So.2d 536, 538 (Ala.2002).
 

 The Supreme Court of Alabama held in
 
 Russell
 
 that circumstantial evidence that the arresting officer was employed by the Mobile Police Department and that Russell was taken to the police station where that officer was employed was insufficient evidence to establish venue in Mobile County. No affirmative evidence was presented at trial that Russell was arrested in Mobile County. In
 
 Russell,
 
 the prosecutor “could have elicited the exact location of the offense simply by asking [an officer] where he stopped [the defendant’s] vehicle” but did not do so.
 
 Id.
 

 Here, the State argues that it presented evidence that police officers employed by the City of Fairhope Police Department arrested Mitchell at his residence where the contraband was found and that Mitchell was subsequently taken to the Fairhope Police Department. The State further argues on appeal that the officers were at Mitchell’s residence to locate Hamric, who had felony warrants for her arrest “out of the county,” and that it is “commonly known that Fairhope is located in Baldwin County.” (State’s brief, at 10.) However, this is insufficient evidence to prove venue. The State did not enter Mitchell’s address into evidence, nor did the State question the witnesses as to whether Mitchell’s residence was located in Baldwin County. Further, no documents were admitted as evidence that stated Mitchell’s address or the county in which the residence was located. There must be affirmative evidence of where a crime occurs. The State bears the burden of proving venue; it failed to do so in Mitchell’s case. Accordingly, we reverse the judgment of the circuit court and render a judgment for Mitchell as to his conviction for unlawful possession of a controlled substance.
 
 See Ex parte Jones,
 
 519 So.2d 589, 590 (Ala.1987)(“[P]etitioner is due to be discharged” when venue is not proven.).
 

 REVERSED AND JUDGMENT RENDERED.
 

 WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.