PARKER, Justice.
Tonya G. Cate petitions this Court for a ■writ of mandamus directing the Etowah Circuit Court (“the trial court”) to vacate its order requiring Cate to submit to an examination to determine her mental condition at the time of the capital offense she is alleged to have committed. We grant the petition and issue the writ.

I. Facts and Procedural History

Cate has been indicted for capital murder; it is undisputed that Cate has not entered a plea of not guilty by reason of mental disease or defect. Her trial was set to begin on October 24, 2011. While preparing for trial, Cate’s attorney consulted a mitigation expert, who expressed concern that Cate had not been subjected to a mental examination to determine her competency to stand trial. On September 29, 2011, Cate’s attorney filed a motion to continue the trial, requesting, among other things, that Cate be subjected to a mental examination. In the motion, Cate’s attorney did not specify that Cate was requesting a mental examination only to determine her competency to stand trial. Cate’s attorney requested a continuance to allow a mental examination to be conducted and stated in the motion:
“It is unknown at this time if there may be underlying psychological problems, conduct, disorders, depression or any other indication of mental illness. The mitigation specialist has advised that in a[ ] usual case, it takes a year to complete this investigation but that she would be willing to expedite her investigation if given until March 2012. Otherwise, the mitigation specialist has advised that she would not participate in said investigation. The mitigation expert further stated that said mental evaluation would be helpful to determine the extent, if any, of any investigation that would need to be made in regards to family psychological history.”
On October 4, 2011, the trial court entered an order requiring Cate to submit to inpatient examinations to determine her competency to stand trial and to determine her mental condition at the time of the alleged offense. On November 8, 2011, Cate’s attorney filed a motion to amend the trial court’s October 4, 2011, order, arguing that under Rule 11.2(a)(2), Ala. R.Crim. P.,[1] the trial court did not have the discretion to order Cate to submit to an examination to determine her mental condition at the time of the alleged offense because Cate had not “raised a defense of ‘not guilty by reason of mental disease or defect’ either by entry of a plea or by filing a pre-trial motion pursuant to Rule 15, [Ala. R.Crim. P.].” Rule 11.2(a)(2). On December 21, 2011, the trial court amended its October 4, 2011, order as follows:
*872 “This matter having come before the Court on the motion of [Cate], and the Court having reviewed the file and noted that there has been no defense of not guilty by reason of mental disease or defect, and further that there has been no pre-trial motion pursuant to Rule 15[, Ala. R.Crim. P.,] requesting a mental evaluation for mental condition at the time of the alleged offense; it is hereby ordered, adjudged and decreed that the evaluation to be performed on [Cate] be limited to an outpatient evaluation of her present mental condition and competency to stand trial.”
On January 3, 2012, the State filed a motion to reconsider the trial court’s December 21, 2011, order and requested a hearing on the matter. On the same day, the State also filed a motion for examinations to determine Cate’s current mental condition and competency to stand trial and to determine her mental condition at the time of the alleged offense. Cate claims that the trial court, also on the same day, entered an order granting the State’s motion for examinations to determine Cate’s competency to stand trial and to determine her mental condition at the time of the alleged offense; a copy of this order is not, however, attached to Cate’s petition. Cate also states that she was not served with the order and that it was never included in the court file. Rather, Cate claims to have discovered the order when her attorney was contacted by the hospital that was allegedly ordered to examine Cate.
On January 12, 2012, Cate’s attorney filed a motion objecting to the order Cate alleges the trial court entered on January 3, 2012, requiring Cate to submit to a mental examination to determine her mental state at the time of the alleged offense. Cate also requested a stay of the alleged order and a hearing on the matter. Cate also argued, in the alternative, that, if such an examination occurred, her attorney be allowed to be present to advise her as to her Fifth, Sixth, Eighth, and Fourteenth Amendment rights.
The trial court set the matter for a hearing to be conducted on January 23, 2012. At the hearing, Cate withdrew her motion requesting a mental examination to determine her competency to stand trial. Cate claimed that her mitigation expert had met with her several times since her September 29, 2011, motion and that the mitigation expert no longer had any concern about Cate’s competency to stand trial. At the hearing, the trial court stayed its order requiring Cate to submit to a mental examination and requested that the parties submit briefs on the issue; both parties complied.
On February, 1, 2012, the State filed its brief in support of its motion for mental examinations to determine both Cate’s competency to stand trial and her mental condition at the time of the alleged offense. The State argued that it was entitled to have Cate submitted to the requested examinations pursuant to § 15-16-22(a), Ala. Code 1975, which states:
“(a) Whenever it shall be made known to the presiding judge of a court by which an indictment has been returned against a defendant for a capital offense, that there is reasonable ground to believe that such defendant may presently lack the capacity to proceed or continue to trial, as defined in Section 22-52-30, or whenever said judge receives notice that the defense of said defendant may proceed on the basis of mental disease or defect as a defense to criminal responsibility; it shall be the duty of the presiding judge to forthwith order that such defendant be committed to the Department of Mental Health and Mental Retardation for examination by one or *873 more mental health- .professionals appointed by the Commissioner of the Department of Mental Health and Mental Retardation. The commissioner shall place the defendant under the observation and examination of one or more mental health professionals, each of whom is either a licensed psychologist holding a Psy.D. or Ph.D degree or a licensed physician who specializes in psychiatry. The assigned mental health professional(s) shall examine the defendant with respect to determining the presence of any mental disease or defect which, if determined to be present, would affect the capacity of the defendant to proceed or continue to trial or which would affect the defendant’s criminal responsibility at the time of the commission of the crime.”
The State also asserted the following:
“Counsel for [Cate] clearly made known to the Court in his submission of September 29, 2011, that there was reasonable ground to question [Cate’s] capacity to proceed to trial, and noted specifically in his motion that there was a question regarding ‘underlying psychological problems, conduct, disorders, depression or any other indication of mental illness.’ Once these issues have been raised, the Alabama Code section noted above requires that the Court order an inpatient evaluation. Counsel for [Cate] cannot simply withdraw the request once that issue is placed before the Court, as to do so may result in reversible error.”
(Emphasis in original.)
Cate responded on February 13, 2012, arguing that, pursuant to Rule 11.2(a), Ala. R.Crim. P., she cannot be compelled to submit to an examination to determine her mental condition at the time of the alleged offense because she had not pleaded “or raised the defense of not guilty by reason of mental disease or defect as required under Rule 11.2(a) ... in order to authorize a State mental evaluation as to the mental condition and competency of [Cate] at the time of the alleged offense.” Further, Cate addressed the State’s argument regarding § 15-16-22(a), Ala.Code 1975, as'follows:
“[T]he provisions of § 15-16-22, Ala. Code (1975)[J have no application to the present case. [Cate] has not plead[ed] not guilty by reason of mental disease or defect. At the hearing on January 23, 2012, counsel for [Cate] stated that [Cate] did not intend to raise the defense of not guilty by reason of mental disease or defect. This Court has not received notice from [Cate] in any form or fashion that [Cate] intends to raise or proceed on the defense of not guilty by reason of mental disease or defect as to criminal responsibility. [Cate] has advised the Court that her mitigation expert will be looking into [Cate’s] childhood, upbringing, education, relationships, friendships, formative and traumatic experiences, and personal psychology and present feelings for purposes of mitigation in a capital murder case. However, [Cate] and [Cate’s] counsel intend to do these investigations for purposes of the mitigation stage, if necessary, and not for purposes of a defense of mental disease or defect at the time of the alleged offense.”
On February 23, 2012, the trial court entered an order requiring Cate to submit to examinations to determine both her competency to stand trial and her mental condition at the time of the alleged offense.
On March 23, 2012, Cate filed a petition for a writ of mandamus with the Court of Criminal Appeals; the State filed a response. On June 15, 2012, the Court of Criminal Appeals denied Cate’s mandamus petition by an order of that court, Ex -parte *874 Cate (No. CR-11-0949, June 15, 2012), — So.3d - (Ala.Crim.App.2012) (table), stating in pertinent part:
- “Cate asserts that because she withdrew her motion for a mental evaluation, [the trial court] had no authority to order a mental evaluation. Section 15 — 16— 22, Ala.Code 1975, specifically states that it is the duty of the court to order a mental evaluation when the court is given ‘reasonable grounds’ to believe that a defendant lacks the capacity to proceed at trial or when the defendant has raised the defense of ‘not guilty by reason of mental disease or defect.’ See Ex parte LaFlore, 445 So.2d 932 (Ala.1983) (‘It is equally clear that in view of Pate [v. Robinson, 383 U.S. 375 (1966)], Pierce v. State, 52 Ala.App. 422, 293 So.2d 483 (1973), cert. quashed, 292 Ala. 745, 293 So.2d 489 [ (1974) ]; and Edgerson v. State, 53 Ala.App. 581, 302 So.2d 556 (1974), a trial court has an independent duty to inquire into an accused’s state of mind when there are reasonable grounds to doubt the accused’s competency to stand trial.’ (Emphasis added.)). Section 15-16-22, Ala.Code 1975, further provides that the examination may include an evaluation of the defendant’s mental competency to proceed at trial and his/her mental state at the time of the offense.”
On June 26, 2012, Cate petitioned this Court for a writ of mandamus.

II. Standard of Review

“Mandamus is a drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court. Ex parte AmSouth Bank, N.A., 589 So.2d 715 (Ala.1991); Ex parte Day, 584 So.2d 493 (Ala.1991).”
Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993).

III. Analysis

Relying upon Rule 11.2(a), set forth above, Cate argues that the trial court exceeded its discretion in compelling her to submit to an examination to determine her mental condition at the time of the alleged offense because she did not enter a plea of not guilty by reason of mental disease or defect. Cate argues that it was not within the trial court’s discretion to compel her to submit to such an examination because, Cate argues, an examination to determine a defendant’s mental condition at the time of the alleged offense is appropriate only if the defendant first raises “a defense of ‘not guilty by reason of mental disease or defect’ either by the entry of a plea or by filing a pre-trial motion pursuant to Rule 15.” Rule 11.2(a)(2).
The State relies heavily upon § 15-16-22(a), set forth above, in support of its assertion that it was within the trial court’s discretion to compel Cate to submit to an examination to determine her mental condition at the time of the alleged offense even though Cate had not pleaded not guilty by reason of mental disease or defect. The State argues that “Cate gave notice that her mitigation ‘defense,’ in the words of [§] 15-16-22(a) would ‘proceed on the basis of mental disease or defect as a defense to criminal responsibility.’ ”
Rule 11.2(a) distinguishes an examination to determine a defendant’s competency to stand trial from an examination to determine a defendant’s mental condition at the time of the alleged offense.[2] Rule *875 11.2(a)(2) states that “the court on its own motion may order, or the defendant, the defendant’s attorney, or the district attorney may move for an examination into the defendant’s mental condition at the time of the offense” “[i Y the defendant has timely raised a defense of ‘not guilty by reason of mental disease or defect’ either by the entry of a plea or by filing a pre-trial motion pursuant to Rule 15.” (Emphasis added.) Under Rule 11.2(a)(2), the trial court obtains discretion to order an examination to determine the defendant’s mental condition at the time of the alleged offense only after the defendant has raised the defense of not guilty by reason of mental disease or defect. See Hugh Maddox, Alabama Rules of Criminal Procedure § 11.2 at 11 — 41 (5th ed. 2011) (“As the Rule specifically states, this examination [to determine the defendant’s mental condition at the time of the alleged offense] is triggered when a defendant, at arraignment, filed a plea of not guilty by reason of mental disease or defect....”).
Section 15-16-22(a) does not grant the trial court discretion to order a defendant to submit to a mental examination independent of the procedural framework of Rule 11.2(a).[3] Rather, § 15-16-22(a) establishes the “duty of the presiding judge to forthwith order” a mental examination, pursuant to Rule 11.2,
“[w]henever it shall be made known to the presiding judge of a court by which an indictment has been returned against a defendant for a capital offense, that there is reasonable ground to believe that such defendant may presently lack the capacity to proceed or continue to trial, as defined in Section 22-52-30, or whenever said judge receives notice that the defense of said defendant may proceed on the basis of mental disease or defect as a defense to criminal responsibility. ...”
Under § 15-16-22(a), as under Rule 11.2(a)(2), the judge may order the defendant to submit to a mental examination to determine “the defendant’s criminal responsibility at the time of the commission of the crime” only if the trial court “receives notice that the defense of said defendant may proceed on the basis of mental disease or defect as a defense to criminal responsibility.” The duty imposed by 15-16-22(a) upon the trial court to order a mental examination of a defendant is consistent with Rule 11.2(a)(2); § 15-16-22(a) does not expand the trial court’s discretion beyond the limits established by Rule 11.2(a).
When read together, Rule 11.2(a) and § 15-16-22 stand for the proposition that a judge presiding over a capital case has a duty to order the defendant to submit to an examination to determine the defendant’s competency to stand trial when the judge has reasonable grounds to believe that the defendant may lack the competency to stand trial. Likewise, the judge presiding over a capital case has a duty to order the defendant to submit to an examination to determine the defendant’s mental condition at the time of the alleged offense once a defendant enters a plea of not guilty by reason of mental disease or defect. See Maddox, Alabama Rules of Criminal Procedure, supra.
*876 Under the facts of this case, the trial court had reasonable grounds to believe that Cate lacked the capacity to proceed or to continue to trial, and, thus, the trial court had the discretion to order Cate to submit to an examination to determine her competency to stand trial. However, because Cate never entered a plea of not guilty by reason of mental disease or defect, the trial court did not have the discretion to order Cate to submit to an examination to determine her mental condition at the time of the alleged offense.
The State argues, as mentioned above, that Cate did raise the defense of not guilty by reason of mental disease or defect by indicating her intent to “use evidence of her mental state at the time of the crime to mitigate her sentence.” The State argues that, “[o]nce Cate had made this request, the judge was entitled to order a mental evaluation under [§] 15-1[6] — 22(a).”
The State has failed to cite any authority indicating that a capital defendant’s intent to introduce evidence at the sentencing hearing,[4] assuming the defendant has been convicted, to prove the mitigating circumstances set forth in § 13A-5-51, Ala.Code 1975, is the same as entering a plea of not guilty by reason of mental disease or defect, and we can find no authority to support this claim. The State does rely upon Jones v. State, 43 So.3d 1258 (Ala.Crim.App.2007), in making this argument, but Jones does not support the State’s argument.
In Jones, the defendant was charged with four counts of capital murder and, in his appearance before the district court following his arrest, “entered pleas of not guilty by reason of insanity, not guilty by reason of temporary insanity, and not guilty per se.” 43 So.3d at 1279. The defendant then appeared before the circuit court and, after being arraigned in the circuit court, entered only a plea of not guilty. The defendant “also requested thirty days to file any special pleas and specifically referenced a possible plea of not guilty by reason of insanity.” Id. The State then “requested a mental examination and the defense argued that the request was premature.” Id. Over the defendant’s objection, the trial court granted the State’s request for a mental examination of the defendant.
The Court of Criminal Appeals, reviewing whether the trial court had erred in granting the State’s motion for a mental examination of the defendant, held:
“Although Rule 11.2(a)(1), Ala. R.Crim. P., applies only to defendants who are ‘before a circuit court,’ Rule 11.2(a)(2), Ala. R.Crim. P., does not. Rather, Rule 11.2(a)(2), Ala. R.Crim. P., applies ‘[i]f the defendant has timely raised a defense of “not guilty by reason of mental disease or defect.” ’ Based on the [defendant’s] not guilty by reason of insanity and not guilty by reason of temporary insanity pleas in district court, it appears that the State properly requested a mental examination even though the [defendant] had not yet entered similar pleas in the circuit court. Also, § 15-16-22, Ala.Code 1975, provides that, if a circuit court receives notice that a capital defendant ‘may proceed on *877 the basis of mental disease or defect as a defense to criminal responsibility,’ it should order a mental examination. Based on the information the circuit court had concerning the [defendant’s] pleas in district court, the previous proceedings in the circuit court, and counsel’s reservation concerning special pleas, the circuit court could have reasonably concluded that the [defendant] might proceed on the basis of a plea of not guilty by reason of insanity. Therefore, it did not err in granting the State’s motion for a mental evaluation.”
48 So.3d at 1280.
Unlike the defendant in Jones, Cate neither entered a plea of not guilty by reason of mental disease or defect nor indicated that she intends to raise her mental condition at the time of the alleged offense as a defense to her criminal responsibility. Rather, at the January 23, 2012, hearing, Cate’s counsel stated:
“And the only way an examination as to the mental status of the defendant at the time of the alleged offense can be done is if the defense [of not guilty by reason of mental disease or defect] is affirmatively plead[ed] by the defendant. We have not raised that in this case, Your Honor.
“Back in October of last year — The only issue brought up, frankly, if you remember, we had a lot of issues raised, but there was one issue about the fact that an evaluation had not been done as to competency to stand trial and the Court ordered — It’s my understanding that’s what the Court ordered. But we did not raise that she — Never have raised, not in the District Court level and not in this level — In fact, we are representing to the Court that we are not going to be raising that defense.”
The question of Cate’s mental condition originated when Cate’s mitigation expert expressed concern regarding Cate’s competency to stand trial. Cate then requested a continuance so she could be examined to determine her competency to stand trial. Cate explicitly stated that she was not raising her mental condition at the time of the alleged offense as a defense to her criminal responsibility. Further, as set forth above, Cate also stated in her brief opposing the State’s brief in support of its motion for mental examinations to determine both Cate’s competency to stand trial and her mental condition at the time of the alleged offense that Cate would use any evidence concerning her mental condition at the time of the alleged offense only to prove mitigation at her sentencing hearing should she be convicted of the capital offense. Based on those facts, Jones is distinguishable from this case and does not support the State’s argument.

IV. Conclusion

It is undisputed that Cate has not entered a plea of not guilty by reason of mental disease or defect. Neither Rule 11.2(a)(2) nor § 15-16-22(a) give the trial court the discretion to order that Cate be subjected to a mental examination to determine her mental condition at the time of the alleged offense. Therefore, the trial court exceeded its discretion insofar as it ordered that Cate be subjected to an examination to determine her mental condition at the time of the alleged offense. Cate has demonstrated that she has a clear legal right to the relief sought. Accordingly, we grant Cate’s petition and issue the writ ordering the trial court to vacate its February 23, 2012, order insofar as it ordered that Cate be subjected to an examination to determine her mental condition at the time of the alleged offense.[5]
*878 PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, MAIN, WISE, and BRYAN, JJ., concur.
MURDOCK and SHAW, JJ., concur in the result.
MOORE, C.J., dissents.

. Rule 11.2(a), Ala. R.Crim. P, states:
"(a) Motions.
"(1) Competency to Stand Trial. When a person charged with a crime is before a circuit court, the defendant, the defendant's attorney, or the district attorney may petition for, or the court on its own motion may order, an examination to assist in the determination of the defendant's present mental condition and competency to stand trial.
“(2) Mental Condition at Time of Offense. If the defendant has timely raised a defense of 'not guilty by reason of mental disease or defect’ either by the entry of a plea or by filing a pre-trial motion pursuant to Rule 15, the court on its own motion may order, or the defendant, the defendant’s attorney, or the district attorney may move for an examination into the defendant's mental condition at the time of the offense.”

. The Committee Comments to Rule 11.2 (as Amended Effective October 1, 1996) make the *875 distinction between the two examinations clear: "Subsection (b)(1), which is similar to Rule 12.2(c), Fed.R.Crim.P., and 18 U.S.C. § 4241, makes it clear that the determination of the defendant’s competency to stand trial is separate and distinct from the determination of his sanity at the time of the offense.”

. "Any provisions of this title regulating procedure shall apply only if the procedural subject matter is not governed by rules of practice and procedure adopted by the Supreme Court of Alabama.” § 15-1-1, Ala.Code 1975.

. Section 13A-5-45(a), Ala.Code 1975, states, in pertinent part, that, "[u]pon conviction of a defendant of a capital offense, the trial court shall conduct a separate sentence hearing to determine whether the defendant shall be sentenced to life imprisonment without parole or to death.” Further, § 13A-5-45(c), Ala.Code 1975, states, in pertinent part, that “[a]t the sentence hearing evidence may be presented as to any matter that the court deems relevant to sentence and shall include any matters relating to the aggravating and mitigating circumstances referred to in Sections 13A-5-49, 13A-5-51 and 13A-5-52L Ala.Code 1975].”

. Cate does not challenge the trial court’s order insofar as the trial court ordered that *878 Cate be subjected to an examination to determine her competency to stand trial; thus, the portion of the trial court's order requiring Cate to submit to an examination to determine her competency to stand trial remains in effect.